VIOLA TAWNEY, Appellant, v. UNITED RAIL-WAYS COMPANY OF ST. LOUIS.

In Banc, December 19, 1914.

1. **NEGLIGENCE: Instruction: Legal Presumption of No Negligence: Modification.** An instruction for defendant stating to the jury the legal presumption that the injury or accident was not "due to any fault or want of care on the part of defendant," if it goes on to tell them to disregard the legal presumption if they believe the evidence introduced by plaintiff in support of her cause of action, but to find for defendant if they disbelieve it, or if they believe the weight of the evidence to be with defendant on the issue of negligence, or if the conflicting evidence simply creates an equilibrium of proof, is not erroneous.

2. ———: ———: **Injured "In Any Other Way."** An instruction for defendant that tells the jury that plaintiff cannot recover if her husband was injured "in any other way" than as set forth in the allegations of specific negligence contained in the petition, is not error, even though there is evidence that he was injured by malarial fever, if other instructions require the jury in unmistakable terms to confine their attention to the specific injuries alleged.

3. ———: ———: **Converse of Plaintiff's.** If plaintiff is given an instruction on the theory that if the street car started prematurely defendant was chargeable with his injury, defendant is entitled to one submitting the converse theory, namely, whether the car upon which plaintiff's husband desired to embark stopped a reasonable time to permit him to do so with safety, even though there is no testimony that he "waited an unreasonable time before attempting to board the car."

4. **REMARKS OF COUNSEL: No Exception.** Appellant cannot complain if he did not except to the failure of the court to

Tawney v. United Railways.

further reprimand counsel for stating as a fact something not shown by the evidence, where the court as soon as the statement was made contradicted it and said his contradiction was made in "correction of the statement of counsel."

5. **JUROR: Friendliness to Defendant's President.** A juror who states on his *voir dire* that he has known defendant's president for thirty-five years and that their relations are very friendly, but states that such friendship will not influence his verdict, and that he will be guided by the evidence and the instructions of the court, is not incompetent.

6. **NEGLIGENCE: Evidence: No Report of Injury.** It was not reversible error to permit defendant's claim-agent to testify that the custom and due course of business required a report of an accident or injury to a would-be passenger to be made by the street car conductor to defendant's managing officers for their information, and that no such report of the injury to plaintiff's husband was made. But the only relevancy of such testimony is to shed light upon the conduct of defendant in failing to take such steps as prudence would have suggested if it had been informed of the accident.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Earl M. Pirkey* for appellant.

(1) It is error to instruct juries concerning presumptions of negligence. For this reason instruction 6 is erroneous. Connelly v. Railroad, 133 Mo. App. 310; Bailey v. Railroad, 152 Mo. 461; Haynes v. Trenton, 123 Mo. 332; Ham v. Barrett, 28 Mo. 388; Myers v. Kansas City, 108 Mo. 487; Rapp v. Railroad, 106 Mo. 428; Moberly v. Railroad, 98 Mo. 183; Miller v. Canton, 112 Mo. App. 322; Morton v. Heidorn, 135 Mo. 616; Payne v. Railroad, 129 Mo. 419; Schepers v. Railroad, 126 Mo. 670; Cole v. Fitzgerald, 132 Mo. App. 24; Hutchinson v. Gate Co., 247 Mo. 103. (2) Where counsel states during the trial, while not under oath, evidential facts prejudicial to the unsuccessful party, a new trial should be granted. Haynes v. Trenton, 108

Mo. 133; Barnes v. St. Joseph, 139 Mo. App. 545; Trent v. Printing Co., 141 Mo. App. 452; Gore v. Brockman, 138 Mo. App. 234; Shohoney v. Railroad, 223 Mo. 684. (3) The fact that plaintiff received insurance on the life of her husband did not debar her from suing for the death of her husband. Harding v. Railroad, 248 Mo. 669. (4) In the administration of justice the jurors should, as far as human precaution can avail, be free from bias or influence. Billmeyer v. Transit Co., 108 Mo. App. 6; Theobald v. Transit Co., 191 Mo. 395; Carroll v. United Rys., 157 Mo. App. 247; Heidbrink v. United Rys., 133 Mo. App. 40. (5) Testimony that it is the custom of a street car company to investigate is inadmissible. Ellis v. Met. St. Ry., 234 Mo. 685. (6) A report made by an employee of a street car company to the company is inadmissible. Setzler v. Met. St. Ry., 227 Mo. 470; Gardner v. Met. St. Ry., 223 Mo. 413.

*Boyle & Priest, A. N. Sager* and *T. M. Pierce* for respondent.

(1) Instruction 6 was proper since in effect it merely advised the jury that no negligence could be presumed from the happening of an accident and injury, and that unless the plaintiff proved her case by a preponderance of the evidence, she must fail. Hutchinson v. Gate Co., 247 Mo. 103; King v. Ringling, 145 Mo. 293; 1 Shearman and Redfield on Negligence (4 Ed.), sec. 59. Instruction 4 was proper since it limited the plaintiff's right to recover to the specific negligence pleaded. The jury could not have been misled into thinking that plaintiff could not recover if her husband had been affected by malarial or typhoid fever, because at her request the court had previously charged the jury in instruction 2 that "notwithstanding you may further believe from the evidence that said Louis C. Tawney had suffered from malaria fever,

provided that the jury further find from the evidence that he would not have died at the time, under the circumstances, and in the manner he did die, had it not been for being thrown and falling from said car, if the jury find from the evidence this occurred." Stid v. Railroad, 236 Mo. 400; Beave v. Railroad, 212 Mo. 352; Gardner v. Railroad, 223 Mo. 419. Instruction 5 was proper because it merely set forth the specific negligence pleaded, and told the jury that if they believed to the contrary they should find for the defendant. Sterrett v. Railroad, 225 Mo. 111. (2) Counsel for defendant did not commit error in his argument to the jury, because the court corrected him at once, nor did the plaintiff save an exception at the time. Even had the statement been erroneous the appellant could not now take advantage of such error in the absence of an exception. Torreyson v. Railroad, 246 Mo. 706. (3) No error was committed in overruling the challenge of the plaintiff to the juror Foskett, because it did not appear that the juror was prejudiced against the plaintiff or in favor of the defendant. McManama v. Railroad, 175 Mo. App. 45. (4) The evidence of Hardin, the claim agent, was properly admitted because it is competent to prove by the head of a department that the report of no accident reached him, when he would in the due course of business, have heard of such an accident had it occurred. This is competent upon the theory that the defendant has a right to explain why it introduces no witnesses to testify about an accident, when it contends that no accident actually occurred. Fleishman v. Ice & Fuel Co., 163 Mo. App. 422; 1 Wigmore on Evidence, sec. 286; Bigelow v. Railroad, 48 Mo. App. 372. (5) The verdict was for the right party and should be sustained irrespective of any technical errors. R. S. 1909, sec. 2082; Carr v. Railroad, 195 Mo. 214; Wabash v. Slook, 200 Mo. 219; Saxton v. Railroad, 98 Mo. App. 503. .

## STATEMENT.

Plaintiff is the widow of Louis C. Tawney, and brings this action for damages for his death, which she alleges was caused by the negligence of the agents of the defendant street car company, in negligently causing and permitting one of its cars which had stopped at a crossing to take passengers "to suddenly start and go forward" before her husband (who desired to take passage and for that purpose had mounted the first step of the rear platform) had time to get further on the car and reach a place of safety, thereby causing him to fall and be thrown from said car and to suffer the injuries sued for. This was alleged to have happened on the 29th of November, 1909. The husband died on December 17, 1909. The damages were laid at ten thousand dollars. The answer of the defendant was a general denial and a plea of contributory negligence. The case was submitted to a jury, who rendered a verdict for the defendant.

On the trial, plaintiff adduced evidence tending to prove that her husband fell or was thrown from the car in the manner described in her petition; that he came home on another car with a bruise on his cheek about the size of a dollar and with dirt on his clothes and took to bed; that her daughter called up a physician in the employ of the defendant, who attended him about ten days; that thereafter, and until his death, he was attended by his family physician, Dr. Upshaw. The evidence showed that plaintiff's husband had suffered from typhoid fever for about four months, beginning July, 1909, and had afterwards been afflicted with malarial fever; that about ten days before the accident, his physician had given him permission to go out. This physician testified that in the condition which the patient was at the time of the accident, the effect of such an injury as he received could have caused his death. He admitted that he made out the

death certificate of plaintiff's husband, and stated therein that his death was caused by malaria. The doctor representing the defendant, who had attended the deceased for ten days after the accident, testified that such an injury as he received could not have caused his death; that upon a second examination of his patient, he found him suffering from an enlarged spleen and other symptoms of malaria, and he thought his death was caused by "pernicious malaria." He admitted that prior to this examination he might have told a police officer that he thought the deceased was suffering from a concussion of the brain, but that he ascertained, after a fuller examination made, when he got the history of his sickness from his wife, that such was not the fact. Defendant introduced evidence tending to disprove the happening of the injury, or any knowledge thereof, on the part of its conductor or motorman, or any report in relation thereto being made to its officers.

Plaintiff duly appealed, assigning errors intervening on the trial.

## OPINION.

### I.

BOND, J. (After stating the facts as above).—Appellant complains of instruction numbered 6 given on behalf of defendant, for that said instruction, among other things, stated to the jury the legal presumption that the injury or accident to her husband was not "due to any fault or want of care on the part of the defend-

**Presumption of no Negligence.** ant." The point of objection to this instruction is that since there was evidence in the case which warranted the court in submitting the issue of negligence to the jury, the instruction should not have mentioned this legal presumption applicable to cases where nothing is shown but the bare fact of an injury or accident for which redress has been sought. The instruction, how-

ever, did not stop with the statement of the presumption of law in such cases, but stated to the jury in substance that it was to be disregarded by them, if "plaintiff has established the facts entitling her to a verdict, as in other instructions defined, by the great weight of all the other evidence before made." The only difference being that the court conveyed this idea by the use of two negatives "*cannot* be disregarded by you *unless*, etc.*"* This was simply an equivalent mode of stating the proposition. This direction was further clarified by other language contained in the instruction to the effect that the jury were at liberty to find for the defendant if they "found the greater weight of the evidence upon the issue defined in these instructions to be against the plaintiff and in favor of the defendant," or in case of their inability "because of conflicting testimony to conscientiously determine upon which side the credible evidence preponderates." The plain meaning of this instruction was that the jury should disregard the legal presumption with which it was prefaced if they believed the evidence introduced by plaintiff in support of her cause of action, but that they should find for the defendant if they disbelieved the testimony given in support of plaintiff's right to redress, or if they believed the weight of the evidence was with the defendant on the issue of negligence, or if the conflicting evidence simply created an equilibrium of proof. For in either of these alternatives the legal presumption would reapply. This instruction stated the duty of the jury upon the issuable fact of negligence to find for the plaintiff if the evidence preponderated in her favor and to find for the defendant if it did not. This was correct, for in the event the plaintiff made no case, by affirmative proof of negligence, the legal presumption would obtain. In the absence of proof of negligence, such a presumption arises in all cases where the doctrine of *res ipsa loquitur* does not apply. The reason being, that in all other cases

the party who alleges negligence must prove it by other evidence than the happening of the injury. The learned trial judge correctly conceived the law in this respect and embodied it in a carefully guarded instruction, since there was no claim in this case that the rule of *res ipsa loquitur* had any application whatever.

### II.

Appellant also complains of instruction numbered 4, wherein the court in substance told the jury that if appellant's husband was injured "in any other way" than as set forth in the allegations of specific negligence contained in the petition, there could be no recovery in this action. Appellant says that the deceased "was injured by malarial fever," and the jury under this instruction might have thought that a verdict for defendant would be justified upon that conceded fact. To this it need only be answered that such a misunderstanding was impossible under the language contained in the last clause of instruction numbered 2 given on behalf of appellant, wherein the jury were told (an instruction covering the case), to-wit: "then you will find for the plaintiff, notwithstanding you may further believe from the evidence that said Louis C. Tawney has suffered from malarial fever, provided that the jury further find from the evidence that he would not have died at the time, under the circumstances, and in the manner he did die, had it not been for being thrown and falling from said car, if the jury find from the evidence this occurred."

It has been uniformly held in this State, as stated in an opinion by the writer, quoted in appellant's brief, to-wit:

"The rule reading together all the instructions given in a case, warrants the supplementing of an imperfect by a perfect instruction; or, in other words, the curing of omissions in one instruction by a complete and correct statement in another one; but it does

not go to the extent of holding that an instruction given for respondent which is radically wrong—that is, perverts the law or prejudges the facts—can be cured by another on behalf of the same party which is free from the vice of the former. Such repugnant directions afford no guide to the jury, nor can it be presumed that they followed one rather than the other.''

The foregoing language was used, with a slight verbal correction of error in print in Desnoyers Shoe Co. v. Lisman & Ramsey, 85 Mo. App. l. c. 344, and Linn v. Massilon Bridge Co., 78 Mo. App. l. c. 118.

The language quoted from appellant's instruction when considered with that contained in the instruction complained of, prevented any misapprehension in the minds of the jury of the nature of the injury sued for in this action. The actionable injury for which this suit was brought was caused to the husband of appellant by his falling or being thrown from a car of the respondent. This suit was not brought for any other injury suffered by him. This was correctly stated in the instruction complained of and to prevent the possibility of error in the mind of the jury, appellant, as shown above, stated in the most explicit terms to them that they should confine their investigation to the effects of that injury in causing his death, and should leave out of view any consideration of his prior sickness, if they believed that the *efficient* cause of his death was the negligence charged in the petition. Under the rule above quoted, these two instructions supplied a full and complete view of the applicatory law to the triers of the fact. If there was any omission or imperfection in the instruction given for the respondent, it was supplemented by the perfect and complete instruction given at the request of appellant.

This assignment of error is therefore overruled.

Appellant complains of instruction numbered 5, given on behalf of respondent, wherein the court submitted to the jury the question of whether or not the

car upon which deceased husband desired to embark, stopped a reasonable time to permit him to do so with safety.   Appellant's contention being, that there was no evidence to show that the deceased "waited an unreasonable time before attempting to board the car." This instruction simply stated the converse of the theory on which appellant's action was predicated, which was that the car started prematurely, and appellant submitted that issue to the jury as one of the elements of the negligence attributed to respondent, and in other instructions appellant set forth the definition of the degree of care to be observed by respondents with respect to persons desiring to become passengers on its line.   We are therefore unable to concur in the objection urged by appellant to instruction numbered 5.

### III.

Another point made by appellant is that during the course of the argument the attorney for respondent stated in substance that money was paid to her by an insurer upon the statement that her husband had died of malaria.   That statement was objected to by appellant's attorney, and the court stated to the jury that "there was no payment of money shown by the record," and that this was a "correction by the court of the statement of the counsel."   Appellant did not except to the action of the court in refusing to further reprimand the counsel than by its said corrective statement.   This assignment of error presents nothing for review.   [Torreyson v. United Railways, 246 Mo. l. c. 706.]

Appellant finally urges that the court erred in not sustaining her challenge to juror Foshett.   This juror on his *voir dire* examination stated that he knew an officer of the company, Captain McCulloch, for over thirty-five years, and that their relations were very friendly.   When this had been brought out by appellant's attorney, and the further fact that the juror would have that feeling to contend against in render-

ing a verdict, although he would try to be fair in so doing, the court asked him, and he answered the following questions.

"By the Court: Q. Of course you realize that Capt. McCulloch is not the defendant here? A. Well, I recognize him as an officer of the company.

"Q. Would the fact that you happen to know him intimately be any reason why you cannot sit here as a juror and be sworn to hear the testimony impartially and weigh it as between the testimony on the one side and on the other, and then listen to the instructions of the court and decide the case according to that evidence that you have heard and in accordance with the instructions of the court, disregarding any acquaintance you may have with either side? A. I surely would.

"The Court: The challenge is overruled."

It will be perceived that while the juror candidly admitted his friendship for Capt. McCulloch, he also stated that fact would not influence his judgment in the consideration of the case, but that he would be guided by the weight of the evidence and the instruction of the court. We think there was no error in overruling the challenge to this juror. [McManama v. Railroad, 175 Mo. App. l. c. 48-49, and cases cited.]

Appellant finally complains that respondent was permitted to introduce its claim-agent, who testified as to the absence of any report to the heads of the department of the respondent company of any accident to appellant's husband, and the custom and due course of business requiring such reports in all cases of accidents for the information of the managing officers of the respondent. This evidence had no probative force in disproof of the occurrence of the injury. Its only relevancy was to shed light upon the conduct of respondent in failing to take steps which prudence would have suggested if it had been informed of the happening of the accident, and to rebut the unfavorable infer-

ences which might have been drawn from the subsequent conduct of respondent. [1 Wigmore on Evidence, sec. 286.] We do not think its reception was reversible error.

A careful consideration of the record in this case discloses that the issues were presented fully in well-drawn instructions, prepared for appellant and given by the court. The jury, after weighing the evidence, reached the conclusion that appellant had failed to establish the cause of action alleged. With their conclusions, as to the weight of the evidence, we have nothing to do, provided they were arrived at, as we have found, without prejudicial error intervening at the trial.

The judgment in this case is therefore affirmed. All concur.