MISSISSIPPI COUNTY v. JAMES L. BYRD, W. R. MORGAN ET AL., Appellants.—4 S. W. (2d) 810.

Division Two, March 24, 1928.

James A. Boone and J. M. Haw for appellant.

*J. C. McDowell* and *W. C. Russell* for respondent.

700

DAVIS, C.—This is an action by Mississippi County against defendant W. R. Morgan, and others, to condemn property in furtherance of the State Highway System. The commissioners appointed by the circuit court in pursuance to the petition reported that no damages accrued to this defendant, refusing to make an allowance. Thereupon defendant filed exceptions to the commissioners' report, and in due time a trial was had in the circuit court to a jury. The jury returned a verdict finding the damages sustained by said defendant are nothing, an appeal being taken from the judgment entered thereon.

We think it necessary to set forth the petition. It reads:

"Plaintiff states that it is a political subdivision of the State of Missouri, and prosecutes this suit at the request of the State Highway Engineer, and for the benefit of the Air Line Special Road District of Mississippi County, Missouri.

"Plaintiff further states that state roads have been located, known as the Charleston-Wolf Island State Road, and the Charleston through East Prairie to New Madrid County State Road, and that said road

or roads pass through, along and adjoining the lands hereinafter described.

"Plaintiff further states that it needs and seeks to acquire for the right-of-way for said state roads the following tracts or parcels of land situated in Mississippi County, Missouri, to-wit:

"Also, a strip of land 30 feet wide off the south side of the southeast quarter of the northeast quarter of Section 26, Township 25 North, Range 15 East, lying north of, adjacent and parallel to the center line of the Charleston through East Prairie to New Madrid County State Road as located, except that part of said strip which is now in the existing public road. The land herein described containing 0.21 acres, more or less, and belongs to defendant, W. R. Morgan.

"Also a strip of land 30 feet wide off the south side of the southwest quarter of the northwest quarter of Section 26, Township 25 North, Range 15 East, lying north of, adjacent and parallel to the center line of the Charleston through East Prairie to New Madrid County State Road as located, except that part of said strip which is now in the existing public road. The land herein described containing 0.22 acres, more or less, and belongs to defendant, W. R. Morgan.

"Plaintiff further states that Raymond Fox, Ruth Fox and Ernest Fox, defendants named herein, are minors, and that James A. Boone is their legally qualified guardian and curator, and is therefore made a party defendant, in accordance with the statute in such cases made and provided.

"Plaintiff further states that Robert Hamlet is the husband of defendant Emma Hamlet; that Elmer L. Cobb is the husband of defendant Aura Cobb, and that Clyde DeField is the husband of Mayme DeField, defendant, and that they are therefore made parties defendant, in accordance with the statute in such cases made and provided.

"Plaintiff further states that it has been unable to agree with the owners of any of said several tracts or parcels of land upon a proper compensation to be paid for said land or the interest therein which plaintiff seeks to acquire, although plaintiff in good faith endeavored and tried to so agree.

"Wherefore, plaintiff prays the judge in vacation to appoint three disinterested freeholders, residents of said County of Mississippi, as commissioners, or by a jury to ascertain and assess the damages which said owners of said several tracts or parcels of land may severally sustain, and the just compensation to which they may be severally entitled in consequence of the construction, maintenance and operation of said public roads and the use of said several tracts and parcels of land therefor."

The record discloses this action to condemn the right-of-way for the road was instituted March 16, 1923.

I. The defendant takes the position that, as the petition shows that this is a state road project, Mississippi County was without power or authority to maintain this action, such power being vested in the State Highway Commission under Section 21, page 141, Laws 1921, First Extra Session.

This condemnation action was brought by Mississippi County under Section 10907, Revised Statutes 1919, enacted in 1917 (Laws 1917, p. 485). Section 10907 vested the right to bring such action in the respective counties. The General Assembly of 1921 (Laws 1921, Ex. Sess., p. 133) *inter alia*, enacted Section 2 of the act, reading:

"Sections 10896 to 10905, both inclusive, and 10907 shall remain in force only until the road projects and contracts which shall have been approved under the provisions of said sections shall have been completed, not later than December 31, 1922, and the powers and duties conferred and imposed upon the state highway board, under the provisions of said sections, shall be exercised and discharged by the state highway commission created under the provisions of this act; provided, however, that all road projects which shall have been approved, under the provisions of said sections, either by the state highway board or by the state highway commission, shall be completed in accordance with said sections."

The proviso of Section 2 permitted all approved road projects to be completed in accordance with the statutes of 1917, and the approval of any project before December 31, 1922, enabled the county to proceed to condemn the right-of-way for a state road under Section 10907. This approval should have been alleged in the petition, but the failure to so allege it constituted a defect of parties, which must be taken advantage of by demurrer when the defect appears on the face of the petition, or by answer when it does not. Unless the appropriate procedure is taken, all defects in the petition are waived, save the failure to state a cause of action and lack of jurisdiction in the court. [Jackson v. Johnson, 248 Mo. 680, 154 S. W. 759.] The petition to condemn the right-of-way, in our opinion, states a cause of action, for the right to bring suit for this purpose was inherent in the appropriate state authority. Moreover, the court did not lack jurisdiction, for the circuit court had plenary authority to hear and determine a condemnation action. We think no doubt obtains that the State Highway Commission, if the appropriate party, could have been substituted as party plaintiff, for the cause of action would have remained the same. [Sec. 1274, R. S. 1919; Eulinberg v. Life Ins. Co., 261 S. W. 725.]

II. Defendant further contends that the description of the land owned by him, sought to be condemned, is insufficient, resulting that the court was without jurisdiction. The two parcels of land, described in the petition, comprise two forty-acre tracts through which the road runs. The first parcel described is the southeast quarter of the northeast quarter, Section 26, etc., while the other parcel described is the southwest quarter of northwest quarter, Section 26, etc. It is evident that the two tracts are not contiguous, but lie a half mile apart. The fact that the two tracts are not contiguous does not affect the verity of the descriptions. We gather from the bill of exceptions, however, that this land probably comprises one tract, and if so, it is evident that a portion of his land was not correctly described and has not been condemned. A clerical error, however, may have crept into the record description before us.

We have examined the descriptions with some care and think that the land can be located therefrom with certainty, which is all that is required. The description is definite and without ambiguity and seeks to condemn a strip of land thirty feet wide off the south side of the respective quarter sections.

III. Over the objection and exception of defendant that the land was not in the same vicinity, witnesses were permitted by the court to testify that defendant's land contiguous to the road would be benefited more than land a mile, half mile or quarter mile distant. Where a portion of the land is taken under condemnation in the opening or widening of a road, the test, in determining the benefits to the contiguous land of the owner to be deducted from damages, is whether the project specially benefits such land. General public benefits cannot be considered or deducted. Increased value of land arising from general benefits is not the subject of deduction, for such benefits are enjoyed by the public in general. However, where the improvement affects the actual and usuable value of the land and an increased value results therefrom, then such increased value may be considered as an element of benefit. The increased value must be founded on something which affects the land directly and proximately, not indirectly or remotely. It is a special benefit that the opening and widening of the road gives to the contiguous land of the owner, and not the general benefit that accrues to the public, that the jury is permitted to take into consideration. Increased facilities for the travel and transportation of the public in general are not such benefits as may be deducted from damages. [City of Springfield v. Schmook, 68 Mo. 394; Hempstead v. Salt Lake City, 32 Utah, 261, 90 Pac. 397; Roberts v. Brown County, 21 Kan. 247; Williamson v. Reed, 106 Va. 453; So. Ill. & Mo. Bridge

704

Co. v. Stone, 194 Mo. 175.] It is therefore evident that permitting witnesses to compare the value of and benefit to defendant's land with and over other land violates the test that only special benefits to contiguous land may be deducted from damages. We think the admission of the testimony was prejudicial error.

IV. Defendant offered an instruction which the court refused. The court, however, modified it and gave it as modified. The modification told the jury to consider the enhanced value of defendant's land over lands in the same vicinity but not adjoining the improved road, if any, as benefits. It is evident from what we have said in the preceding paragraph, relative to the admission of evidence of the enhanced value of defendant's land over lands not adjoining the road, that the modification of this instruction was error. However, we desire to say that the true measure of damages is the difference between the land before the road was widened and the value of the land after the widening of the road, less the benefits accruing to the landowner. [Prairie Pipe Line Co. v. Shipp, 305 Mo. 663, 267 S. W. 647.] In determining the value of contiguous land before and after widening the road under the above rule, the jury is authorized to consider the value of the land taken and the value of such improvements upon the land as were destroyed by the project.

V. Defendant charges the court erred in admitting testimony to the effect that the ability to haul greater loads over an improved road was a special benefit accruing to his land. He argues that the ability to haul such loads is a general benefit enjoyed by the community at large. We think the point is well taken. It is only the benefits arising from the actual and usable value of the land, due to the widening of the road, that directly and proximately benefits defendant that may be deducted from damages. It is true that, in being nearer the road than those some distance from it, plaintiff could more conveniently use it, but once upon the road, his enjoyment was no greater than any other transporter. Others using the same facilities could haul like loads over the road. It is only benefits that directly and proximately result to land contiguous to a highway that are held deductible as special benefits. However; the fact that the land abuts the road may be considered by the jury in estimating benefits and damages.

For the errors appearing, the judgment is reversed and the cause remanded. *Higbee* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.