THE STATE EX REL. STATE HIGHWAY COMMISSION v. OLIVER DUNCAN, Appellant.—19 S. W. (2d) 465.

Division One, July 30, 1929.

*Lyons & Ristine* for appellant.

*James & James* and *Edgar Shook* for respondent.

342

ELLISON, C.—This is a suit to condemn a right-of-way across the defendant's farm in Saline County, for primary State Highway No. 40. Commissioners were appointed who made an award of $2250 damages, against which the plaintiff filed exceptions. The cause was then set down for ascertainment of the damages by a jury, but on the defendant's application the venue was changed to Lafayette County in the same circuit. At the trial he testified he was damaged $8,000, but a jury unanimously found he was not entitled to damages, and he has appealed.

The errors assigned may be grouped under three heads: (1) failure to discharge a juror for disqualification developed on his *voir dire* examination; (2) error in giving two instructions for respondent, in that they did not correctly define special benefits and distinguish between special and general benefits, and because these two instructions for respondent conflicted with one given for appellant; (3) that there was no competent evidence showing the appellant was specially benefited by the location and construction of the highway, in consequence of which it was error to submit that issue to the jury at all.

I. As to the first assignment. The *voir dire* examination of one member of the regular jury panel, J. W. Klingenberg, who was later foreman of the jury, disclosed that he was a member of the Chamber of Commerce of Concordia in Lafayette County, and as such had assisted in obtaining right-of-way for the same road in his county near his town. He had worked without compensation and was not an employee of the State Highway Department. In answer to questions he said he was not prejudiced and had no feeling that would deter him from awarding a man damages if the evidence showed him entitled to them.

The defendant argues that Mr. Klingenberg's confessed relation to the State Highway Department was such that he became its agent in getting right-of-way as cheaply as possible, and that he could not serve two masters by acting also as a disinterested juror. Also, it was shown some of the Saline County witnesses for respondent admitted they had signed a bond making themselves responsible for all damages and expenses incurred in acquiring right-of-way in that county, and appellant asserts the inference is to be drawn from this that the same practice was followed in Lafayette County and that the juror was familiar with it or a party to it.

We are unable to attach much weight to these contentions. As the learned trial judge remarked in overruling them, for all the evidence shows Mr. Klingenberg and his associates may have settled with landowners in their county and paid them. There is nothing indicating he had been engaged in litigation or controversies of a similar kind. He said he was not prejudiced. We think the circuit court ruled correctly; and besides, a large measure of discretion is confided to the trial court in such matters. The assignment is disallowed on authority of such cases as Parlon v. Wells, 322 Mo. 1001, 17 S. W. (2d) 528; Tawney v. United Rys. Co., 262 Mo. 602, 611, 172 S. W. 8, 11; Joyce v. Met. St. Ry. Co., 219 Mo. 344, 351, 375, 118 S. W. 21, 23, 31; Glasgow v. Met. St. Ry. Co., 191 Mo. 347, 355, 89 S. W. 915, 917.

II. The respondent's instruction numbered 1 told the jury they should deduct from the damages to appellant's land "the benefits, if any, peculiar to such tract arising from the running of the road through it; and by peculiar benefits is meant such benefits derived from the location of the road as are peculiar to the tract itself, and not shared in common by it and other lands in the same neighborhood."

The respondent's instruction numbered 2 said:

"The court instructs the jury that in estimating the damages to the defendant it should take into consideration the fair market value of the strip of land taken by the plaintiff, the damages, if any, to the remainder of the defendant's land, and the special and peculiar benefits which may accrue to the remainder of the defendant's land by virtue of the location and construction of the State Highway. By special and peculiar benefits is not meant the benefits which the defendant derives in common with the other landowners generally in the vicinity upon the location and construction of said highway, but such benefits as will be enjoyed by the defendant which are not also enjoyed by other lands generally in the neighborhood."

The appellant's instruction numbered 3 was as follows:

"The court instructs the jury that by peculiar benefits are meant such benefits, if there are any, as said tract derives from the location of the plaintiff's road through it and as are not common to other lands generally in the same neighborhood through which said road does run."

Complaining of these two instructions for respondent the appellant says: "Under said instructions the jury was authorized to find that any enhancement in the market value of the Duncan farm which was in excess of and greater than the enhancement of farms in that neighborhood *but which did not adjoin said highway,* would be chargeable against Duncan as a special benefit. . . . Unless the enhanced value of the Duncan farm was special and peculiar to his farm and not shared by other farms *adjoining said highway* in that vicinity, it would not be a special benefit." (Italics ours.)

In other words, the appellant contends that even though the appellant's farm was specially benefited in value by reason of its direct access and physical proximity to the improved highway, over and above the general increase in land values throughout the whole neighborhood resulting from the construction of the road, yet if other lands touching the highway in that neighborhood also enjoyed these benefits, then they were not special benefits in a legal sense and cannot be offset against his damages. The benefits, says appellant, must be peculiar to his land alone before they can be charged up to him.

Even if appellant's theory of the law were correct he is in no position to take advantage of error in the instructions—as we shall presently show—but his view is not correct. He cites and relies on Mississippi County v. Byrd, 319 Mo. 697, 4 S. W. (2d) 810, which does tend to support his contention; and that case, it must be admitted, was the last decision of this court on the point when this cause was briefed and argued last October. But the Byrd case has been disapproved in a more recent decision of Count en Banc, State ex rel. State Highway Commission v. Jones, 321 Mo. 1154, 15 S. W. (2d) 338, 341, wherein it is squarely held that the superior means of ingress and egress enjoyed by land directly abutting on a public highway is or may be (if the jury so find) a special benefit even though other lands bordering the highway are similarly advantaged.

Getting back to the instructions, a singular situation arises. Appellant contends his Instruction 3 is good because it declares (what is now) the discarded doctrine of the Byrd case, and that respondent's instructions 1 and 2 are bad and in conflict with it because they do not. But on a reading of the instructions we are of the opinion that the appellant's instruction is *not* modeled on the law of the Byrd case and is good for that reason, whereas respondent's Instruction 1 *is,* and is bad for that reason. It says

special benefits must be "peculiar to the tract itself." Appellant's Instruction 3 says special benefits are those which "are not common to other lands generally in the same neighborhood *through which said road does run.*" (Italics ours.) He contends the italicised clause qualifies the word "lands;" we think it refers to the word "neighborhood." In other words, our view is that appellant's Instruction 3 and respondent's Instruction 2 say the same thing, and both state the correct rule.

But appellant cannot claim the benefit of the error we see in respondent's Instruction 1, because, if the legal theory on which he relies were sound, that error would be its virtue, not its vice. He has not raised the point, in other words, and the error is in his favor anyhow. And he cannot make valid objection to respondent's Instruction 2 because it is like his own and both are good. Neither will he be heard to complain of the conflict between his instruction and respondent's Instruction 1, as we construe them, because he has not raised that point either; and insofar as they disagree the error in respondent's instruction is to appellant's advantage. Furthermore, respondent's Instruction 1 states the law as appellant says it should be, and if he were correct his own instruction is the one that would be wrong. And if his instruction means what he says it means, it, also, is bad law, agrees with respondent's Instruction 1 instead of conflicting with it, and both are wrong. So there is no reversible error in the instructions. [38 Cyc. 1607.]

On authority of the Jones case, supra, 321 Mo. 1154, 15 S. W. (2d) 338, we held above that respondent's Instruction 1 erred in declaring special benefits must be "peculiar to the tract itself." In so ruling we did not overlook the fact that the instruction substantially follows a form approved in McReynolds v. K. C., C. & S. Ry. Co., 110 Mo. 484, 487, 19 S. W. 824. But that case was a railroad condemnation suit, and no question was involved as to whether more than one tract adjoining an improvement can enjoy the same kind of special benefits. The case is not an authority on the question raised in this and the Jones case.

III. As to the evidence showing special benefits to appellant's land. The state highway runs easterly—a little north of east—for about three-fourths of a mile across appellant's 240 acres. It cuts off an unimproved tract of about ninety acres on the south side of which about sixty acres is subject to cultivation. The ninety-acre tract is about one-eighth of a mile wide at the west end, one-fourth of a mile wide at the east end, and slightly over three-fourths of a mile long. Taking the two parts of his farm, the main part north of the highway, and the ninety acres south of the highway, he has a frontage of over one and a half miles on the im-

346

proved road. His buildings are on another part of the farm, north of the 240 acres, and about one-half mile north of Highway No. 40. Prior to the construction of the highway he reached his improvements by traveling over a private lane about five-eighths of a mile across his own land from a public road on the south side of his entire farm. This road was the only one he had at the time. It was very poorly worked and almost abandoned at the east end, and cut off about twelve acres of his farm at the southeast corner.

The evidence showed that primary Highway No. 40 was, or would be, sixty feet wide, thirty-four feet from shoulder to shoulder of the travelled way, and paved with concrete slab eighteen feet wide. There was abundant evidence for respondent that the Duncan farm and other lands abutting on the highway in that vicinity would be increased in value $10 to $15 per acre over and above the general increase in the neighborhood resulting from the construction of the road improvement. This being so there was substantial evidence to take the case to the jury on the question of special benefits.

This disposes of all the assignments. Finding no reversible error, the judgment is affirmed.

*Lindsay* and *Seddon, CC.,* concur.

PER CURIAM:—The foregoing opinion by ELLISON, C., is adopted as the opinion of the court. All of the judges concur, except *Frank, J.,* not sitting.