**Richard W. TABOR, an Infant, by Festus O. Tabor, his Next Friend, Plaintiff-Appellant,**

v.

**Hubert HAHS, Defendant-Respondent.**

**No. 31895.**

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1965.

Russell N. MacLeod and John D. Connaghan, of Lyng & MacLeod, St. Louis, for appellant.

H. L. C. Weier, of Dearing, Richeson, Weier & Roberts, Hillsboro, for respondent.

CLEMENS, Commissioner.

The plaintiff appeals from an adverse judgment after the jury found for the defendant under plaintiff's humanitarian submission. Plaintiff complains that the trial court erred by *omitting* a necessary element of plaintiff's verdict-directing instruction.

The plaintiff was a pedestrian and the defendant was a motorist. Plaintiff's evidence was that while he was walking diagonally across Gravois Road in St. Louis County, defendant drove up from behind and ran into him, breaking his leg. Plaintiff's evidence tended to show that defendant was inattentive, and that he could have avoided the collision by stopping, by swerving, or by giving plaintiff a warning. Defendant's evidence was that plaintiff ran into defendant's path so quickly that he was unable to avoid the impact.

We must decide whether there was prejudicial error in the trial court's modification of plaintiff's verdict-directing instruction, from which the court deleted a part of plaintiff's humanitarian submission. We conclude that the modified instruction was not erroneous; further, that plaintiff is complaining of harmless error.

The case was submitted to the jury by a set of instructions typically given in humanitarian cases. Instruction P-1 was plaintiff's verdict-directing instruction un-

der the humanitarian doctrine. P-3 submitted the so-called tail to P-1, saying that the jury should not consider any contributory negligence of the plaintiff. Instruction P-4 defined "highest degree of care." Defendant's only instruction was D-5, a partial converse, directing a verdict for the defendant if he was unable to avoid striking the plaintiff. And, by P-2, plaintiff submitted his measure of damages.

The only issue here concerns plaintiff's verdict-directing instruction. He offered an instruction which the trial court refused, marked P-1A. The court then deleted a portion of instruction P-1A and gave the remainder of it, marked P-1. Judge Cardozo once wrote that too much detail obscures rather than clarifies. Certainly that is true of plaintiff's verdict-directing instruction: it laboriously hypothesized facts not in issue and submitted triple acts of negligence in the conjunctive; it had many compound and stilted phrases and was profusely sprinkled with the phrase "if you so find." The trial court struck out one long phrase, probably thinking it was repetitive. Actually, the stricken phrase was one of the five elements of the humanitarian doctrine. See Banks v. Morris & Co., 302 Mo. 254, 257 S.W. 482(2), where the Supreme Court pronounced the now venerable formula:

"* * * (1) Plaintiff was in a position of peril; (2) defendant had notice thereof (if it was the duty of defendant to have been on the lookout, constructive notice suffices); (3) defendant after receiving such notice had the present ability, with the means at hand, to have averted the impending injury without injury to himself or others; (4) he failed to exercise ordinary care to avert such impending injury; and (5) by reason thereof plaintiff was injured. * * *"

We now set out the refused instruction, with the part deleted by the trial court shown in italics. We have ourselves inserted five numbers in parentheses, to indicate each of the essential elements of a humanitarian case.

"The court instructs the jury that if you find and believe from the evidence that on the occasion mentioned in the evidence plaintiff was a pedestrian in and upon Gravois Road at or near its intersection with MacKenzie Road, both open and public streets and highways in the County of St. Louis, State of Missouri, if you so find, and that defendant did then and there drive and operate a motor vehicle at the aforesaid place, if you so find, and that said motor vehicle of defendant did collide with and strike plaintiff and that as a direct result thereof, plaintiff was injured thereby, if you so find, and if you further find and believe from the evidence that prior to said collision, defendant had stopped his motor vehicle then and there behind a truck stalled in the lane next to the center lane as mentioned in the evidence, and if you further find that after defendant had so stopped his motor vehicle in the center lane, plaintiff was at all times in the curb lane adjacent and to the right of that lane occupied by defendant's vehicle and the said stalled truck, if you so find, and that prior to said collision, defendant did start up his motor vehicle and did turn to the right so as to enter the curb lane of traffic aforesaid, if you so find, and if you further find that at some time after defendant so started up his motor vehicle and before the aforesaid collision took place, (1) plaintiff came into and was in a position of imminent peril of being struck and collided with by the defendant's said motor vehicle and plaintiff was oblivious of said peril, if you so find, and that (2) the defendant saw or by the exercise of the highest degree of care could have seen plaintiff in the aforesaid position of imminent peril of being struck and collided with by defendant's said motor vehicle, if

you so find, and that plaintiff was oblivious thereof, if you so find, (3) in time thereafter for defendant by the exercise of the highest degree of care, with the means and appliances then at hand and with reasonable safety to defendant's said motor vehicle, the occupants thereof, or other persons or property thereabout, to have stopped said motor vehicle and to have swerved the same to the left and to have sounded a warning signal of its approach, proximity, movement or turn, if you so find, and by so doing defendant could thus and thereby have avoided striking plaintiff, *if you so find,* (4) *and if you further find that defendant, under the circumstances aforesaid did fail to stop his motor vehicle and did fail to swerve the same to the left, and did fail to sound a warning of its approach, movement, proximity or turn, if you so find, and that in this failing to stop, and to swerve to the left, and to sound a warning signal, as aforesaid, that the defendant did then and there fail to exercise the highest degree of care in the operation of his motor vehicle and was negligent, if you so find,* and (5) if you further find that said collision and plaintiff's injuries were a direct result of defendant's aforesaid negligence, if you so find, then your verdict should be in favor of plaintiff and against the defendant."

■ We revert to the omitted portion of the verdict-directing instruction. We do not agree that striking this portion robbed the instruction of an essential humanitarian element. The stricken portion (4) called for findings that were either admitted or were hypothesized elsewhere in the instruction. Note that it first calls for a finding that the defendant did fail to stop, swerve or warn. The defendant admittedly did fail to take such evasive action. It is not necessary to hypothesize admitted facts in a humanitarian instruction. Byrnes v. Poplar Bluff Printing Co.,

Mo., 74 S.W.2d 20 [7]; and Wenzel v. Busch, Mo., 259 S.W. 767 [6]. Next, the stricken portion calls for a finding that in failing to stop, swerve or warn, the defendant failed to exercise the highest degree of care. However, that had already been hypothesized in the preceding clause (3), where the jury was required to find that the defendant had the ability to have stopped, swerved or warned by using the highest degree of care. The third and fourth elements of the Banks v. Morris formula require the ability to take evasive action and the failure to use due care in doing so. Stated conversely, the formula requires the ability by the use of due care to take evasive action, and the failure to do so. If the defendant by exercising the highest degree of care (a) had the ability to stop, swerve or warn, and (b) failed to do so, it follows that he was negligent. So considered, the given instruction met every requirement of the Banks v. Morris formula and was complete without the portion stricken by the trial court.

■ Even if we were to conclude that the trial court erred in modifying plaintiff's verdict-directing instruction, that alleged error would be harmless. No judgment may be reversed except for error committed by the trial court *against the appellant* materially affecting the merits of the action. § 512.160, subd. 2, V.A.M.S.; Civil Rule 83.13(b), V.A.M.R. And, as said in the case of Null v. Stewart, Mo., 78 S.W. 2d 75 [7], " * * * No one can complain that a given instruction imposes on him a lesser degree of care than the law imposes [citing case], * * *." And see Raymond Missouri Instructions, § 215, and scores of cases collected in 3 Mo.Dig., Appeal and Error, ☜1064(1).

■ The general principle of harmless error has been applied to the modification of correct instructions. There is prejudicial error only when the modification makes the instruction less favorable to the party offering the correct instruction. Schiermeier v. Kroger Grocery & Baking Co.,

Mo.App., 167 S.W.2d 967 [6]; Dowd v. Schoening, Mo.App., 276 S.W.2d 478 [2]. If the instruction as modified is more favorable to the offering party, the modification of the instruction "would be its virtue, not its vice." State ex rel. State Highway Commission v. Duncan, 323 Mo. 339, 19 S.W.2d 465 [4]. In a negligence case remarkably like the one before us, Schnell v. Landis Mach. Co., Mo., 199 S.W. 993, the court stated the issue thus: " * * * The only error urged as a ground for reversal is that the court erred in modifying plaintiff's main instruction, which undertook to cover the whole case. Said instruction as originally asked by plaintiff is copied below. Those parts now inclosed in brackets and italicized were stricken out by the court before the instruction was given. * * * " As here, there was a defendant's verdict in spite of a more favorable plaintiff's verdict-directing instruction. Then, in denying plaintiff's claim of erroneous modification, the court said:

"* * * It will be noted by a mere reading of the instruction that the portions stricken out were connected with the remaining portions of the instruction by the conjunctive 'and.' Under such circumstances the striking out of those portions resulted in permitting the jury to find for plaintiff on less facts than required by the instruction as originally drawn. Certainly a plaintiff should not be heard to complain where one of his own instructions is so modified as to lessen the burden which he himself has fixed. * * * "

For these reasons, we find that the modification of the plaintiff's verdict-directing instruction was neither erroneous nor prejudicial.

■ Plaintiff makes further complaints as to the effect of the modification upon other given instructions, claiming that the deletion rendered them erroneous. He first says that the defendant's converse instruction, D–5, was erroneous in submitting defendant's failure to exercise the highest degree of care by not avoiding the collision, because that issue was omitted from plaintiff's verdict-directing instruction. Assuming plaintiff's contention of omission, *arguendo*, we are again in the field of harmless error. By instruction D–5, the defendant assumed a burden not cast upon him by instruction P–1; and one may not complain of an instruction placing too great a burden on his adversary. Tinsley v. Massman Const. Co., Mo., 270 S.W.2d 835 [3]. Plaintiff further claims that his given instruction P–3 referred to "defendant's negligence as submitted in Instruction No. 1," although that verdict-directing instruction did not submit any issue of negligence. The point is without merit because both clauses (3) and (5) of plaintiff's verdict-directing instruction did mention that issue. The same is true of plaintiff's claim of error as to his instruction P–4, defining the highest degree of care, because that term was also used in his own verdict-directing instruction.

■ Plaintiff's complaint that the instructions were confusing must partly be laid at his own door by the wordiness of his instruction, P–1A. But considering the instructions as a whole, as we must (McClintock v. Price, Mo.App., 294 S.W.2d 643 [1–5]), we believe they adequately presented the issues to the jury. In our opinion, the modification did not obscure the meaning of either instruction P–1 alone, or of the instructions as a whole.

Accordingly, we hold that there was no prejudicial error in modifying plaintiff's verdict-directing instruction; and this being the only point raised, the judgment should be affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court.

Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.