CITY WATER COMPANY OF SEDALIA, Appellant, v. LEONA M. HUNTER ET AL.—6 S. W. (2d) 565.

Court en Banc, May 18, 1928.

*Henry P. Lay* and *J. T. Montgomery* for appellant.

*Jones & Jones* and *F. M. Brady* for respondent.

ATWOOD, J.—This is an appeal in a proceeding to condemn about 101 acres of respondents' 206-acre farm for the location of a dam and water reservoir. The farm was located about fourteen miles south of Sedalia and a mile from a railroad shipping point. Rock roads extended from Sedalia out to and past this farm, and Spring Fork Creek ran through it. This creek with two springs and a well furnished the water supply. The farm lay in a compact body nearly square, with the improvements located near the center of the north eighty acres. The east part of the farm consisted of bottom land adjacent to the creek. The west part was upland and thinner soil. The 101 acres which plaintiff sought to condemn included all the bottom land except about twenty-five acres below the location of the dam. It included the creek and springs, and left defendants only the upland and this small amount of bottom land, with no water except a well which sometimes went dry during the dry seasons of the year. Before filing the condemnation suit appellant had an interview with respondents, looking to its acquisition of this land. After this interview, and on the 21st day of August, 1925, appellant filed its petition in the Circuit Court of Pettis County to condemn the 101-acre tract. On the 4th of September, 1925, in vacation, said circuit court made an order appointing three commissioners to assess the damages accruing to respondents by reason of the taking of said 101-acre tract. Thereafter the commissioners so appointed made their report wherein they assessed the damages which respondents would sustain on account of the appropriation of said 101-acre tract at $6200 to which report respondents excepted and filed their demand for a jury. Thereafter a change of venue was taken and the cause was sent to the Circuit Court of Benton County, where on the 24th day of March, 1926, a trial was had to a jury which returned into court a verdict in favor of respondents for the sum of twelve

thousand, two hundred and eighty dollars ($12,280). From the judgment entered thereon appellant has perfected this appeal.

Appellant complains of certain rulings of the trial court in connection with the testimony of J. J. English, one of the commissioners appointed by the court to assess damages, who testified as a witness for plaintiff. On direct examination counsel for plaintiff addressed the witness thus: "I believe you were one of the commissioners that brought—." Counsel for defendants thereupon interposed an objection which was sustained, plaintiff duly excepting. The objection was properly ruled. In Railroad v. Roberts, 187 Mo. 309, l. c. 321, and again in School District v. Phoenix Land & Improvement Co., 249 S. W. 51, l. c. 53, we held that when a jury trial has been awarded defendant, the report of the commissioners and everything they did became *functus officio* and should be kept from the jury trying the case. Again, this witness when questioned as to the circumstances under which he examined the farm in question, started to reply as follows: "The instructions from this court—." The trial court thereupon properly sustained an objection interposed by counsel for defendant. Further on in the course of his examination this witness said: "Well, at the time the examination was made, I had a soil map with me of the farm, and according to the soil map—." Counsel for plaintiff then asked the witness "to explain to the jury what a soil map is." After explaining the nature of a soil map the witness further testified, "and so I have the map with me—." Counsel for defendant thereupon interposed an objection which was sustained, plaintiff duly excepting. We think the objection was properly sustained. The witness was evidently about to testify not from his own knowledge but from the contents of the soil map, which would have been clearly hearsay testimony. [Anderson v. Volmer, 83 Mo. 403, l. c. 407.]. There was no effort made to introduce the soil map in evidence.

Appellant insists that Instruction No. 1, given at the request of defendant, is "ambiguous and misleading," quoting said instruction as follows:

"The court instructs the jury that in determining the damages to which defendants are entitled for the taking and appropriating by plaintiff of one hundred and one acres of their farm, to find a fair, reasonable market value of the whole of defendants' farm as it stood on the day of the appropriation by plaintiffs, or a part thereof, and you will find the fair, reasonable market value of the portion thereof of defendants' land remaining in its then condition. The differences will be the damages sustained by the defendants."

The alleged ambiguity grows out of the use of certain punctuation and words, particularly the word "or" in the clause "or a part there-

of" near the middle of the instruction as above quoted, which respondents say are typographical errors not found in the original instruction as it was submitted to the jury. In the abstract of the record this use of the word "or" and other so called typographical errors are corrected and the instruction there appears as follows:

"The court instructs the jury that in determining the damages to which defendants are entitled for the taking and appropriating by plaintiff of 101 acres of their farm, you will find the fair, reasonable market value of the whole of defendants' farm, as it stood on the date of the appropriation by plaintiff of a part thereof, and you will find the fair, reasonable market value of the portion of the defendants' land remaining in its then condition, and the difference will be the damage sustained by the defendants." No counter suggestions being filed by appellant we assume that respondents' above assertions are not controverted. As last above quoted this instruction is not only free from the objections here urged by appellant, but it properly advised the jury as to the method that should be followed in ascertaining damages. [20 C. J. pp. 729-730; Prairie Pipe Line Co. v. Shipp, 267 S. W. (Mo. Sup. Ct.) 647, l. c. 649; Railroad Co. v. Real Estate Co., 204 Mo. 565, l. c. 575.]

Appellant next says that the court erred in refusing to give its requested Instruction 1-P, as follows:

"The court instructs the jury that your verdict must be for the defendant for such sum as you may find and believe from the evidence, was the fair market value of the 101 acres sought to be appropriated by the plaintiff, on the 10th day of September, 1925; and for such further sum, if any, as you may find and believe, from the evidence, the value of the remaining 105 acres of the tract owned by the defendants will be diminished by such appropriation."

In Railroad v. Real Estate Co., supra, we said:

"This court has time and again held that when a part only of a man's real estate is taken under condemnation proceedings the measure of damage is the difference between what was the fair market value of the whole tract or property before and its fair market value after the appropriation, in view of the uses to which the land condemned should thereafter be applied."

Above Instruction 1 given at the request of defendant, and not this instruction requested by plaintiff, embodies the correct rule. Hence, the trial court properly refused Instruction 1-P requested by plaintiff.

Appellant also says that the judgment entered in this case is erroneous and not within the purview of the verdict. However, it does not appear that any such point was raised in the motion for a new trial, and it cannot be considered here.

Appellant next insists that "the verdict of the jury is grossly excessive and against the weight of the evidence." The evidence tended to show that the 206-acre farm was a good grain, stock and dairy farm, well watered by the creek and springs. Most of the bottom land, as well as the creek and springs, were included in the 101 acres sought to be condemned. Defendants introduced substantial evidence that the fair, reasonable market value of the 206-acre tract as a whole was $100 an acre, and that the reasonable market value of the remainder of the farm, exclusive of the 101 acres sought to be condemned, would be $20 to $30 an acre. Plaintiff's evidence as to the value of the 206 acres as a whole ranged from $40 to $85 an acre, and approximately the same value per acre was placed upon the remainder of the farm, exclusive of the 101 acres sought to be condemned. It was clearly the province of the jury to consider this conflicting evidence and draw its own conclusions therefrom. There was sufficient evidence to support the verdict, and we cannot say that the verdict was excessive. [Shelby County Railroad v. Dimmitt, 235 Mo. 489, l. c. 492; Prairie Pipe Line Co. v. Shipp, 267 S. W. (Mo. Sup.) 647, l. c. 650; City of St. Louis v. Semple, 199 S. W. (Mo. Sup.) 967, l. c. 968.]

Appellant also asserts that the verdict of the jury was the result of passion and prejudice. We have carefully examined the entire record and find nothing to support this assertion.

Finding no reversible error in the trial and submission of the case the judgment rendered therein should be and the same is hereby affirmed. All concur.