KAMO Electric Cooperative, Inc., Appellant, v. Clarence S. Baker and Alice Baker, Respondents, No. 44809—287 S. W. (2d) 858.

Division Two, March 12, 1956.

*Jack L. Rorschach, Sam Appleby* and *Charles E. Ginn* for appellant.

*Andrew Howard* and *Bill Davenport* for respondents.

[860]  STOCKARD, C.—This is an appeal from a judgment in the amount of $1,200 awarded to respondents as compensation for the appropriation by plaintiff of an easement by condemnation for the construction, operation and maintenance of an electric transmission line over respondents' land. On appeal to the Springfield Court of Appeals the judgment [861] was affirmed. KAMO Electric Co-operative v. Baker, Mo. App., 274 S.W. 2d .497. The case was transferred here pursuant to the provisions of §10, Art. V of the Missouri Constitution, 1945, because of the general interest in and the importance of the questions involved; therefore it is here as though upon an original appeal.

By its petition, appellant sought to appropriate a perpetual easement 100 feet in width and 3,525 feet in length over the real estate of respondents (1) for the construction, operation and maintenance of an electric transmission line; (2) to construct necessary gates in fences in order to permit ingress and egress to said electric transmission line; (3) to cut and trim trees and to remove any obstructions within the 100 foot right of way which would interfere with the construction, operation and maintenance of the transmission line; and (4) to cut down and remove any tree or growth and to remove any structures within 50 feet on either side of the transmission line which might endanger the same by fire, storm or otherwise, or which might in any

way cause the transmission line to become dangerous to life or property.

Appellant covenanted in its petition that the right of way would not be fenced or enclosed by it; that it would make no use of the right of way except for the erection of said electric transmission line and the operation and maintenance thereof; that the use by respondents of the land covered by the easement would not be obstructed or interfered with except insofar as this may be done by the construction, operation and maintenance of the transmission line and by patrolling the line by condemnor's employees; and that if it should be necessary to remove any fences in connection with the construction, operation and maintenance of the transmission line, appellant would replace the fences in as good a condtion as they were before removal. Reference is made to the reported opinion by the Springfield Court of Appeals (274 S.W. 2d 497) for additional facts concerning the physical features of the electric transmission line and the location of the right of way on the farm of the respondents.

At the time of the trial the electric transmission line had been constructed. Appellant assigns as error the admission into evidence of testimony concerning the damage on the right of way which occurred during the construction of the line.

■ The general rule is well established in this State that, if a part of a tract of land is taken by condemnation, the just compensation to which the owner is entitled, referred to as damages, is the difference, if any, between the fair and reasonable market value of the entire tract of land before and after the appropriation of said part. State ex rel. State Highway Commission v. Cox, 336 Mo. 271, 77 S.W. 2d 116 [3]; Texas-Empire Pipe Line Co. v. Stewart, 331 Mo. 525, 55 S.W. 2d 283 [3]; City Water Co. of Sedalia v. Hunter, 319 Mo. 1240, 6 S.W. 2d 565 [4]; Prairie Pipe Line Co. v. Shipp, 305 Mo. 663, 267 S.W. 647 [2]; Missouri Power & Light Co. v. Creed, Mo. App., 32 S.W. 2d 783 [1]; Arkansas-Missouri Power Co. v. Killian, 225 Mo. App. 454, 40 S.W. 2d 730 [1]; Empire District Electric Co. v. Johnston, 241 Mo. App. 759, 268 S.W. 2d 78 [5]. It is also well established that the question of damages is to be determined with reference not to the time of trial nor to the time of the construction of the project, but to the time of the appropriation. State ex rel. State Highway Commission v. Deutschman, 346 Mo. 755, 142 S.W. 2d 1025 [6]; Kansas City Southern Ry. Co. v. Second Street Improvement Co., 256 Mo. 386, 166 S.W. 296 [5]; City of St. Louis v. Paramount Shoe Mfg. Co., 237 Mo. App. 200, 168 S.W. 2d 149 [2]; State ex rel. State Highway Commission v. Blobeck Inv. Co., 233 Mo. App. 858, 110 S.W. 2d 860 [1]; State ex rel. State Highway Commission v. Baumhoff, 230 Mo. App. 1030, 93 S.W. 2d 104 [13]. The parties agreed that the time of the apropriation in this case was July 10, 1952, which was, of course, before the transmission line was constructed.

"When part of a tract is taken the damages are not limited to such as result [862] from the mere severance of title caused by the taking, but include damages caused by the use of the property for the purpose for which the condemnation is made. Such use embraces the construction of the work or improvement and the maintenance, use and operation of the same." Lewis, Eminent Domain (3d ed.) §710. See also 29 C.J.S. Eminent Domain §153; 18 Am. Jur. Eminent Domain §249; Annotations 49 A.L.R. 697 and 124 A.L.R. 416. If the trial of this case had been held before the transmission line had been constructed, it would have been proper for the jury to take into consideration, when supported by evidence, those various factors resulting from the appropriation which were reasonably apparent at that time and which a purchaser willing but not obliged to buy would consider. 4 Nichols, Eminent Domain (3d ed.) §14.232. This would include a consideration of the proper and lawful uses for which appellant acquired the right of way, for as stated in Missouri Power and Light Co. v. Creed, supra [17], the recovery of just compensation is "limited to (and would therefore include) such damages, whether present or prospective, as arise from risks and hazards which may be known, or may reasonably be expected to result from the construction and maintenance of the utility in a proper and legal manner." Therefore, it would have been proper for the jury, in determining the burden imposed on the land at the time of and by reason of the appropriation, to take into consideration that appellant was going to construct on the right of way an electric transmission line, and also that it had acquired the right to enter upon the right of way to patrol the line and to operate and maintain it. When there is an appropriation of only a part of a tract of land, lawful and proper uses to be put to the land appropriated may be considered not on the theory that a recovery is to be allowed for speculative risks and contingencies which may never happen, but instead upon the theory that these are matters which affect the market value of the remainder of the land as of the time of the appropriation. The inquiry goes only to the damages sustained by reason of the taking. Missouri Power & Light Co. v. Creed, supra [8]. However, it must be presumed that in constructing, patrolling and maintaining the transmission line, appellant will act in a proper and lawful manner. Missouri Power & Light Co. v. Creed, supra [9]. Testimony concerning the burden at the time of appropriation resulting from the proper use by the appellant of the right of way must be definite and certain, and only such depreciation in value may be considered as may be reasonably expected to follow from the lawful invasion of the premises by the appellant, as distinguished from acts, the result of which are purely remote, speculative, and conjectural in their nature, and which are not fairly and reasonably to be anticipated. Missouri Power & Light Co. v. Creed, supra [7].

■ ·When the electric transmission line had been constructed at the time of the trial the actual damage that was done by the condemnor on the right of way during the construction of the transmission line may be shown as evidence of the extent of the burden cast upon the land *at the time of the appropriation,* provided that the acts were not tortious and the damage could have been reasonably anticipated. Evidence of this nature was admitted in State ex rel. State Highway Commission v. Riggs, 226 Mo. App. 1053, 47 S.W. 2d 178. However, when evidence of damage done during construction is admitted the jury should be properly instructed concerning the consideration to be given it.

■ In this case the owner of the land testified at length concerning damage done during the construction of the transmission line, and stated that during construction appellant drove trucks over the right of way leaving tracks, that holes were dug in which to set the poles, trees were cut and stumps left on the right of way. These acts of respondent were not tortious and at the time of the appropriation could reasonably have been expected to occur in the proper exercise of the rights obtained by condemnation. The reasonable expectation that these acts would occur, as substantiated [863] by the fact that they did occur, constituted a burden on the land at the time of the appropriation. This witness also testified that, during the construction of the line, his cows got out of the field, that they might get out in the future, that fences were cut and left down and that appellant trespassed off the right of way in four different places. The court sustained objections to the testimony that the cows got out and that the fences might be left down. No objection was made to the testimony of the trespasses. The testimony that the fences were cut and left down constituted evidence of tortious acts and should have been excluded.

The difficulty with this case is that both parties apparently misconstrued for what purpose evidence of construction damage could properly be admitted. Appellant took the position that in no event was such evidence admissible, and from the comments made during the trial and the instructions requested it is clear that it was respondents' position that damages resulting from the lawful use by appellant of the right of way constituted separate items to be considered by the jury in arriving at its verdict. Neither position is correct. As will subsequently be seen this case must be reversed because of improper instructions, and in the event of a new trial, if evidence is offered of damage resulting from the lawful use of the right of way by appellant it should be kept within the limits herein set forth, and the jury should be properly instructed as to the purposes for which the evidence may be considered.

■ Appellant assigns as error the admission of evidence concerning what it calls "future damage" and "items of damage purely remote, speculative and prejudicial by respondents' witnesses Baker,

Arndt, and Schnick.'' The admission of this evidence came about when appellant cross-examined the above named witnesses concerning the factors they had taken into consideration in arriving at the opinions expressed as to the damage resulting from the appropriation.

Without calling the attention of these witnesses to the condemnation plan outlined in appellant's petition or otherwise showing that they knew and understood exactly what rights and interests had been appropriated by appellant, they were asked on direct examination to express their opinions as to the difference in the value of respondents' whole farm before and after the appropriation of the easement by appellant. No objection was made that these witnesses were not qualified to express an opinion. On cross-examination appellant's counsel interrogated them at considerable length concerning their reasoning and the grounds on which they arrived at the conclusion that the depreciated value of respondents' farm was in the amounts they had severally stated. Each witness stated on cross-examination that his opinion as to the reduction in value by reason of the appropriation was based in part on the damage done by appellant during the construction of the transmission line. One of the witnesses stated that he also had taken into consideration the damage that "they (appellant) might do" and that appellant had trespassed off the right of way during construction. Witness Schnick stated on cross-examination that he had considered the damage "whenever they come through to maintain the line, what (growing crops) they waller down, and one thing and another.'' Witness Arndt stated that he had considered "that they'll (appellant) be going back and forth through the place repairing the lines, causing washes and one thing and another; driving through there at any time of the year they might choose to.''

Value and damages in condemnation proceedings are not susceptible of precise proof, and in many cases can only be approximately shown by the opinions of witnesses having the requisite information. Although it was not shown that these witnesses had the requisite information, they each expressed an opinion without objection, and the weight to be given to the opinions expressed, as affected by the information brought out on cross-examination, is to be determined by the jury in connection with the circumstances under which they were offered. Texas-Empire [864] Pipe Line Co. v. Stewart, 331 Mo. 525, 55 S.W. 2d 283. It is true that the cross-examination developed that some of the reasons upon which the opinions were based were remote and indefinite, and that one opinion was in part based upon damage resulting from tortious acts. However, appellant did not attempt to show that absent these improper factors the witness had no opinion, or that if the witness did have an opinion absent the improper factors, it, too, was improper for some other reason. See State ex rel. Kansas City Power & Light Co. v. Gauld, 360 Mo. 795, 230 S.W. 2d 850 [4]. As to

one witness no motion to strike the opinion was made, but only a motion to strike certain testimony brought out on cross-examination which was contended by appellant to be remote and speculative. As to the other two witnesses the motion to strike was directed to all the testimony of the witness concerning his estimate of the reduction of value of the land, and some of the testimony was proper. In view of the manner in which this evidence was brought out and the circumstances under which the motions to strike were made, we cannot say that reversible error occurred. Texas-Empire Pipe Line Co. v. Stewart, supra [4]; Mississippi River Fuel Corp. v. Whitener, Mo. App., 237 S.W. 2d 239 [6]; State of Missouri ex rel. State Highway Commission of Missouri v. Johnson, Mo. Sup., 287 S.W. 2d 835.

■ Appellant contends in its brief that the admission of the objected to evidence concerning construction damages and so-called "future damages" was improper because it has "covenanted or contracted in the petition, and is bound by these proceedings to pay the landowners any future damages suffered by them by reason of appellant's use of the easement." A condemnor need not appropriate the full rights available to it. Shell Pipe Line Corporation v. Woolfolk, 331 Mo. 410, 53 S.W. 2d 917 [1]; State ex rel. State Highway Commission v. Ferbert, Mo. App., 71 S.W. 2d 55 [1]. It may also covenant that any time it enters upon land to exercise the rights obtained therein by condemnation it shall pay to the landowners the full and actual damage resulting from the lawful entry. For an example of such a covenant see Texas-Empire Pipe Line Co. v. Stewart, Mo. App., 35 S.W. 2d 627 (rev'd 55 S.W. 2d 283 on other grounds). The purpose of the condemnor to exercise less than the full rights available to it under the statutes must appear with reasonable certainty in the petition or be brought in by way of amendment thereto. Shell Pipe Line Corporation v. Woolfolk, supra [3]; State ex rel. State Highway Commission v. Ferbert, supra [1]. We do not agree with appellant's construction of the petition in this case. It contains no covenant that appellant will pay actual damages whenever an entry upon the right of way is made.

■ Appellant asserts that the trial court erred in giving instructions 3 and 5 at the request of respondents. Instruction 5 told the jury that respondents have not collected and cannot collect from the plaintiff any sum of money as damages for the appropriation and use of their land other than what it awarded in its verdict, unless negligence is shown on the part of the plaintiff in its use of the right of way for the construction, operation, maintenance and patrolling of its electric transmission lines. This instruction is the same as an instruction held to be erroneous in Missouri Power & Light Company v. Creed, Mo. App., 32 S.W. 2d 783 and in Missouri Power & Light Co. v. John Hancock Mutual Life Ins. Co., Mo. App., 58 S.W. 2d 321, except that it adds the provision pertaining to negligence. The instruc-

tion is subject to the same criticism made of the instructions in those two cases in that it is "readily susceptible to the construction that the verdict in this case was to cover, not only the damages accruing by way of depreciation in the market value of the land on account of the taking of the easement, but also whatever damages might thereafter be sustained if and when the numerous contingencies (not involving negligence) counted on by the witnesses might occur." Missouri Power & Light Company v. Creed, supra, at 788.

[865] The witnesses in this case testified to numerous contingencies which could be expected to result in damage which, when and if occurring, would not be the result of any negligence on the part of appellant. They also testified to numerous acts that appellant did after the appropriation which constituted a lawful use of the land. In determining the compensation for the appropriation, the jury was in no event entitled to assume or take into consideration that appellant might act negligently. Therefore, adding the phrase "pertaining to negligence" did not remove the objections made against the instruction in the Creed and John Hancock cases. The erroneous feature of the instruction in those two cases was that it in effect told the jury to include in its verdict damages for the various things that were or might be done after the appropriation whether or not negligence was involved. The instruction we have here in effect told the jury that it should assess damages for the appropriation of the easement and also assess damages for the numerous acts of appellant done subsequently to the appropriation which it had heard the witnesses relate. This, of course, is not the correct measure of damages. As between this instruction and the instruction condemned in the two cited cases, the instruction here more clearly points out that in addition to the just compensation (or damages) occurring by way of depreciation of the market value of the whole farm on account of the taking of the easement, the jury should also award a sum of money as damages for the numerous events and contingencies subsequent to the appropriation related by the witnesses.

Instruction 3 purported to tell the jury that in determining the difference in the fair market value of respondents' whole farm before and after the appropriation it should consider the uses to which the condemned land is to be applied. Such an instruction would be proper, but the instruction stated that the jury should assess the "just compensation and damages." This necessarily was confusing in view of the evidence. The terms "just compensation" and "damages" in condemnation cases are used interchangeably and in case of a partial taking, as here, each term when used separately, refers to what the landowner is entitled to receive by reason of the reduction in the fair market value of the whole tract as a result of the appropriation of a part. The use of both terms in this instruction in effect told the jury that it should award "just compensation" for the appropri-

ation and also award "damages" for those subsequent uses by appellant referred to in the instruction and as related by the witnesses. This is particularly true when this instruction is read in connection with instruction 5. The phrase "just compensation and damages" has no place in the instruction and should not be used even though there is no instruction corresponding to instruction 5.

By reason of instruction 5, and the readily susceptible and improper construction of instruction 3 when read in connection with instruction 5, the jury was improperly instructed in this case.

We need not consider in detail the alleged error resulting from the trial court striking out the testimony of two witnesses of appellant. What has previously been said indicates that these two witnesses did not take into consideration all the proper elements in arriving at the opinions expressed concerning the reduction in value of respondents' farm before and after the appropriation, and on a new trial appellant can be guided accordingly. We also need not consider the alleged errors resulting from certain comments of respondents' counsel in oral argument and that the verdict was excessive.

The judgment is reversed and the cause is remanded. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court. All the judges concur.