**UNION ELECTRIC COMPANY,**
a corporation, Respondent,

v.

**G. W. STURMFELS and Vera Sturmfels,**
Appellants.

**No. 51113.**

Supreme Court of Missouri,
Division No. 2.

March 14, 1966.

Rehearing Denied April 11, 1966.

C. Kenneth Thies, Kerth, Thies & Schreiber, Clayton, for respondent.

James J. Sauter, Charles M. Deeba, Deeba, DeStefano, Sauter & Herd, St. Louis, for appellants.

STOCKARD, Commissioner.

Defendants have appealed from the judgment entered pursuant to unanimous jury verdict wherein they were awarded $42,500 as compensation for the appropriation by plaintiff of an easement across their land for the construction and operation of an electric transmission line. The difference between the amount of the award and the amount to which defendants claim they are entitled exceeds $15,000.

Defendants first contend that the trial court erred in giving Instruction 3 which was given by the trial court on its own volition over the objection of both parties. At the time of trial the committee appointed by this court to consider simplifying instructions in civil cases had made its preliminary report containing forms for certain instructions. That report and the "principles recommended therein for instructions to juries" had been approved by this court subject to revision prior to the effective date on January 1, 1965, of Civil Rule 70.01, V.A.M.R. Instruction 3 was identical to recommended Instruction 9.02 in the preliminary report of the committee, and was as follows:

> "You must award defendants such sum as you believe was the difference between the fair market value of defendants' whole property immediately before the taking on June 29, 1962, and the fair market value of defendants' remaining property immediately after such taking."

Subsequent to the trial and prior to the effective date of Civil Rule 70.01 recommended Instruction 9.02 was amended by the addition of a clause as follows: "which difference in value is the direct result of the taking and of the uses which plaintiff has the right to make of the property taken." See MAI No. 9.02. We are not concerned on this appeal with this amendment. This case was tried before the effective date of Civil Rule 70.01, and the use of the approved jury instructions was not mandatory. The issue before us is whether, under the applicable rules at the time of trial, it was prejudicial error to give Instruction 3 as worded.

Defendants assert prejudicial error resulted because Instruction 3 "omitted to instruct the jury to take into consideration in their deliberation on damages an essential factor, namely, the uses which the plaintiff has the right to make of the property taken." They rely on KAMO Electric Cooperative v. Baker, 365 Mo. 814, 287 S.W. 2d 858, and State ex rel. State Highway Commission v. Ellis, Mo.App., 382 S.W.2d 225. In the KAMO case it was stated that when "a part of a tract of land is taken by condemnation, the just compensation to which the owner is entitled, referred to as damages, is the difference, if any, between the fair and reasonable market value of the entire tract of land before and after the appropriation of said part." Subsequently in that opinion it was further stated that when a part of a tract is taken " 'the damages are not limited to such as result from the mere severance of title caused by the taking, but include damages caused by the use of the property for the purpose for which the condemnation is made.' " The first statement correctly sets forth abstractly the method of determining just compensation in a partial taking condemnation case. The second statement is an explanation of certain matters authorized to be considered by the jury in determining just compensation in such a case, and which, because of the issues in the KAMO case, were necessarily commented on in the opinion. The Ellis case restates the principles set forth in the KAMO case.

■ We agree that in this case in its determination of the compensation to which defendants were entitled by reason of the appropriation, the jury could properly consider those uses which plaintiff could make

of the land over which the easement extended. Notwithstanding defendants' contention to the contrary, we conclude that the jury was so instructed. In Instruction 3 the jury was told that it was to determine "the difference between the fair market value of defendants' whole property immediately before * * * and * * * immediately after such taking." By Instruction 4 the jury was told that the "term 'fair market value' means the price which the property in question would bring when offered for sale by one willing but not obliged to sell it, and is bought by one willing or desirous to purchase it but who is not compelled to do so. In determining 'fair market value' you should take into consideration all the uses to which the *property may best be applied or for which* it is best adapted, under existing conditions and under conditions to be reasonably expected in the immediate future." (Except as to the next to the last word Instruction 4 was identical with the present provisions of MAI No. 15.01). When the jury determined the "fair market value of defendants' remaining property immediately *after* such taking" (to ascertain the difference between that and the "fair market value of defendants' whole property immediately before the taking"), it was instructed to take into consideration the uses to which the property could be applied under existing conditions, that is, after the taking, and that necessarily was *subject to the uses for which plaintiff had acquired the easement.*

Defendants place considerable reliance on the fact that subsequent to the trial, recommended Instruction 9.02 was amended as previously set out. In view of the language of MAI No. 15.01, the amendment incorporated into MAI No. 9.02 actually was a restricting provision which limited the difference in market value before and after the taking to that difference which is the *direct result* of the taking and the uses which the condemnor has the right to make of the property taken, as distinguished from a difference that might be speculative.

Defendants requested, but the trial court refused, two instructions which they assert on this appeal "covered this essential factor" of consideration being given by the jury to the uses to be made of the property appropriated. However, as above noted the instructions given adequately covered this matter, and the refusal to give a requested instruction is not error where the substance of it is adequately presented in other instructions. Taylor v. Riddle, Mo., 384 S.W.2d 569. From an examination of the two refused instructions we cannot agree that they properly "covered this essential factor," as defendants contend, but even if they did, under the circumstances prejudicial error would not have occurred.

Instruction 3 was not a misdirection, and when read with Instruction 4 it is not subject to the criticism made of it by defendants. It is true that it is short, but it is concise and readily understandable, and it leaves to oral argument those argumentative matters which too often in the past have been placed in an instruction for purposes of strategy. In State ex rel. State Highway Commission v. Koberna, Mo., 396 S.W.2d 654, 660, we commented that this court has in the past been reluctant to reverse a case because of the inclusion of argumentative matters in a damage instruction in a condemnation case even though it has been critical of the practice, but that this does not mean that a trial judge who departs from the criticized practice has committed prejudicial error. We regard that comment applicable here.

The second and remaining point of defendants is that Instruction 4 (the applicable part of which we have previously set out) is erroneous because "it restricted and limited the jury's consideration of uses to which the property may be best applied or best adapted to the *immediate* future." (Italics added). They rely on the fact that although Instruction 15.01 in the preliminary report of the committee to simplify civil instructions contained the phrase "immediate future," subsequent to this trial the instruction was amended so as to substitute

the word "near" for the word "immediate."
See MAI No. 15.01.

■ We consider this contention to be without merit for two reasons: First. No jury would be misled, and when the meaning of the two words is considered in relation to time, they have substantially the same meaning. For example, the meaning of the word "near" is stated to be "not far distant in time." The meaning of the word "immediate" is stated to be "near to or related to the present." Webster's Third New International Dictionary, Unabridged. As evidence of the fact that defendants did not consider the use of the phrase "immediate future" to be improper in Instruction 4, in their requested but refused Instruction C in which "fair market value" was defined, they requested that the jury be instructed that it should consider "such uses as may be reasonably expected in the *immediate* future." Second. Defendants' evidence was that their property would mature to its highest and best use in "five or ten years." No evidence of use of the property was excluded on the ground that the use was one that would be in the "near" but not in the "immediate" future, and no reasonable jury could have been caused to exclude from its consideration any of the evidence of uses of the property on the ground that the evidence referred to "near" uses but not "immediate" uses.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.