STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Appellant,

v.

William H. VESPER et al., on Exceptions of
Bernard A. Grace et al., Defendants,

Bernard A. Grace and Winifred R. Grace,
Defendants-Respondents.

No. 32632.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1967.

Robert L. Hyder, Chief Counsel, Missouri State Highway Commission, Jefferson City, Donald L. Spry, Kirkwood, for appellant.

Kerth, Thies, Schreiber & Hamel, C. Kenneth Thies, Richard D. Schreiber, Clayton, for respondents.

CLEMENS, Commissioner.

The plaintiff planned to widen its highway and condemned a ten-foot strip across the front of the lot of defendants Bernard A. Grace and Winifred R. Grace. It appeals from the $4,260 verdict and judgment.

The plaintiff first contends the trial court erred in excluding its evidence of special benefits to the defendants' lot, bestowed by plaintiff's installing a sanitary sewer line that replaced the defendants' septic sewer system. The issue is this: Assuming the plaintiff was entitled to show special benefits accruing to the defendants' lot by affording them a sanitary sewer system, was it error to exclude the plaintiff's evidence of what it *would have cost the defendants* to install the sewer system? The plaintiff also contends the trial court erred in admitting defendants' evidence of construction damage. The issue presented by this point: Are the defendants entitled to compensation for damage to their house and lot during construction when that damage could not reasonably have been foreseen at the time of appropriation?

The defendants' house was on a 124-foot lot on the east side of North Florissant Road (State Highway N) in St. Louis County. The plaintiff had to take a ten-foot strip across the front of defendants' lot to widen Highway N from two to four traffic lanes. Within this strip there were two shade trees and part of the disposal field of defendants' septic sewer system. Commissioners made an award of $2,000, and both plaintiff and defendants excepted. The jury trial followed.

We first consider the issue of special benefits. The defendants' lot was in the Metropolitan St. Louis Sewer District (MSD), which had filed plans for and partially completed a sanitary sewer line along Highway N. Sewer construction had neared but not yet reached defendants' lot. The plaintiff was faced with the probability that its highway construction would be completed before MSD extended the new sewer line, thus requiring plaintiff to tear up its new pavement to make way for MSD's sewer line. To avoid this the plaintiff incorporated within its own condemnation plans the laying of a sanitary sewer line, to be built and paid for by plaintiff. This would obviate any construction assessment against defendants' lot by MSD. Lot owners along this segment of the plaintiff-built sewer line could connect to it merely by paying MSD its regular $250 connecting fee. Evidence was that after condemnation and before trial the plaintiff did build the sewer line; that in widening Highway N it cut through the defendants' septic disposal field; that the defendants then connected to the new sewer line and paid MSD the $250 connecting fee; that the defendants paid no construction assessment to MSD.

The plaintiff contends, in short, that its construction of the sewer line conferred a special benefit on the remaining part of defendants' lot. It sought to offset defendants' compensation with this special benefit.

As said, the first issue is plaintiff's point that the trial court erroneously excluded evidence of special benefits. We conclude that plaintiff did not afford the trial court an adequate opportunity to rule on that point. It came up in chambers before trial. Plaintiff's counsel first stated his theory of special benefits and then made an offer of proof. We summarize each.

In stating plaintiff's theory its counsel outlined the background of the plaintiff's plan to lay the sewer line at its own expense, and then said: "It is the position of the State that the building of this extension for the sanitary sewers to the subject property at no cost to the defendants would constitute a special benefit to the property and evidence should be admitted as to the cost that would be charged to the property owners for this improvement had the Metropolitan Sewer District extended this sewer district to their property instead of the State Highway Commission in this particular project. That is the plaintiff's theory, your Honor."

Then plaintiff's counsel made the offer of proof. He said that if permitted to offer evidence of special benefits he would call Mr. Jack B. Enger, MSD's development engineer, to show: MSD's plans for its sewer extension; that the construction costs in two nearby locations were some eight cents a square foot for the area of each lot; that there would be no construction cost to these defendants for the line to be laid past their lot; that the defendants later applied to MSD to connect with the sewer line, without assessment for construction cost; that construction of the line by plaintiff "would indicate a saving to the defendant of at least seventeen hundred dollars." To this offer of proof the defendants objected that "the State is reaching out and attempting to advance a cost basis, purportedly the MSD cost basis, on other properties where there is no indication that the same cost basis would have any applicability whatsoever in view of the State's equipment on hand, hence we object again, it is wholly irrelevant what the MSD might have charged, * * *."

The trial court sustained the objection. Some parts of the offer have become moot. During trial part of this offered evidence did come in. It was shown that the new sewer line was extended past defendants' lot without cost to them and that they did connect to the new line and did pay MSD the $250 connection fee. So, the only part of the offered evidence that did not come in concerned the eight cents per square foot that MSD charged other lot owners, and that MSD's probable charge to defendants would have been $1,700 if plaintiff itself had not laid the line. The plaintiff attacks the exclusion contending it prevented plaintiff from introducing any evidence of special benefits. That overstates plaintiff's case. The only evidence precluded by the court's ruling was *the price MSD would have charged defendants.* The defendants' objection to plaintiff's offer of proof was that plaintiff was erroneously trying to show special benefits on "a cost basis, purportedly the MSD cost basis, on other properties * * *."

■ We cannot say the trial court erred in denying plaintiff's offer. Fundamentally, where part of a condemnee's land is taken his compensation is measured by the property's reduced market value. An integral part of this proposition is that the amount of special benefits conferred upon a condemnee's land is measured by the same standard—the increase in market value bestowed on the remaining part of the condemnee's land. State ex rel. State Highway Commission v. Vorhof-Duenke Co., Mo. (banc), 366 S.W.2d 329 [3]. Here, plaintiff's offer contained not one word about the sewer line increasing the market value of plaintiff's remaining land. Considered in its best light, the offered evidence was an opinion of the probable *cost* of the sewer line if MSD had built it. That was not the issue. We hold that the trial court did not err in excluding the offered evidence.

Plaintiff now argues that the offered evidence of sewer line cost was relevant to the value the sewer line had bestowed on defendants' land, and that the purpose of the cost evidence was to lay a foundation for the value opinion of real estate appraisers whom plaintiff intended to call as witnesses. Perhaps so, but we are not ruling on that newly raised issue; we are passing upon the propriety of the trial court's ruling at the time it was made. We cannot hold that the trial court erred in failing to consider an undisclosed reason that might have made the offered evidence admissible. This accords with the rule that "an offer of proof must show all of the facts necessary to establish the admissibility of the testimony sought to be introduced." Kinzel v. West Park Investment Corp., Mo., 330 S.W.2d 792 [1].

Plaintiff further points to the trial court's ruling denying plaintiff's offered evidence about cost, and now argues that the ruling precluded its two value witnesses "from considering any evidence of special benefits in expressing their before and after opinions." At trial, plaintiff's counsel apparently did consider that to be the effect of the earlier ruling. Before producing two appraiser-witnesses, plaintiff's counsel told the court that in deference to its previous ruling he had told the two appraisers not to consider special benefits in stating their opinions of before-and-after value. This was not an offer of proof nor did it call for any ruling by the trial court. It was merely a statement of counsel's understanding about the effect of the court's earlier ruling denying plaintiff's offer to show the probable cost of a sewer construction by MSD.

As said, the amount of special benefits here must be measured by an increase in the market value of the remaining land. This could best be shown by expert witnesses acquainted with the property, its value, and the effect that the construction of a utility would have upon the value. Plaintiff's counsel apparently believed that the exclusion of the offered evidence of *cost* of sewer construction precluded plaintiff from introducing evidence of the *value* of the construction to the defendants' lot. At trial, plaintiff's two value witnesses were not questioned about either the existence or amount of special benefits. Plaintiff's counsel may have omitted this line of inquiry in deference to the trial court's prior ruling. But to preserve this point for review plaintiff should have laid a foundation for the value witnesses' opinions on special benefits, and then asked them to state those opinions. If the court sustained an objection to this, plaintiff could have preserved the point by an offer of proof. On this appeal, however, we determine whether the trial court erred in its rulings. Absent a question to the witness or an offer of proof concerning the value of special benefits, the defendants had no opportunity to object; absent an objection, there was no ruling; absent a ruling, there is nothing for us to review. We must deny plaintiff's first point.

Plaintiff's second point is that the trial court erred in admitting defendants' evidence that during the highway construction a tree was removed and allowed to fall into defendants' yard, damaging the yard and house. Plaintiff contends this evidence was irrelevant to the only true issue: the value of the property immediately before and after the appropriation. We agree.

Over plaintiff's objections defendant Bernard A. Grace testified about damage to his house and yard caused by the removal of the larger shade tree. This removal occurred some months after the plaintiff had appropriated defendants' ten-foot strip. Mr. Grace said the tree was rocked to and fro by a bulldozer until it toppled over. It fell within a foot of defendants' house, gouging holes in the yard, breaking windows and cracking plaster. Plaintiff repeatedly objected to this testimony on the ground it was immaterial and injected the false issue of abnormal construction damage into a lawsuit concerned only with comparative values at the time of ap-

propriation. In Kamo Electric Co-op v. Baker, 365 Mo. 814, 287 S.W.2d 858, we find a clear and well-supported discussion of the point. The underlying principle is that the amount of a condemnee's compensation is determined as of the time of appropriation, not as of the time of construction or the time of trial. It is proper, of course, to consider the depreciation in value that will result from the proper prospective use of the condemned property. For this reason evidence is admissible to show the prospective use factors that were reasonably apparent at the time of appropriation and which a purchaser would normally consider in determining the value of the remaining property. This does not, however, permit evidence of speculative risks and contingencies that may never occur. Here, the removal of the two trees was reasonably apparent at the time of appropriation. But nothing less than supernatural foresight could then have determined that the removal of the large tree would harm the defendants' house and yard, nor to what extent that harm would affect the market value of the property. As said in the Kamo case, supra, 287 S.W.2d l. c. 862, " * * * only such depreciation in value may be considered as may be reasonably expected to follow from the lawful invasion of the premises by the appellant, as distinguished from acts, the results of which are purely remote, speculative, and conjectural in their nature, and which are not fairly and reasonably to be anticipated."

We hold that it was error to admit the evidence of how the tree fell and the extent and amount of damage it caused. This, because that evidence did not relate to a factor of market value reasonably apparent at the time of appropriation. We must conclude that the jury gave some consideration to this irrelevant evidence—how much, we cannot say. The only way to correct the error is to reverse the judgment and remand the case for a new trial so defendants' compensation may be determined upon proper evidence. Bertram v. Wunning, Mo.App., 385 S.W.2d 803 [6], and Franklin v. Kansas City Public Service Co., 239 Mo.App. 151, 186 S.W.2d 546 [6].

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed and the cause is remanded for a new trial on all issues of damage.

ANDERSON, P. J., WOLFE, J., and SAMUEL E. SEMPLE, Special Judge, concur.