STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,

v.

Earl MOULDER and Grace M. Moulder, Respondents.

No. 57209.

Supreme Court of Missouri, Division No. 1.

May 13, 1974.

Robert L. Hyder, Jefferson City, Wm. T. Powers, Springfield, for plaintiff-appellants.

Wm. P. Sanford, Miller, Fairman, Sanford, Carr & Lowther, Springfield, Mayte B. Hardie, Ozark, for respondents.

WELBORN, Commissioner.

Appeal by State Highway Commission from judgment on condemnation proceeding. Commissioners awarded Earl and Grace Moulder $47,717 for property taken. Both plaintiff and defendants excepted to award and jury fixed damages at $80,000. (Notice of appeal filed prior to January 1, 1972.)

The Moulders were owners of a 200-acre tract of land near the south city limits of Springfield. By taking as of January 10, 1967, State Highway Commission condemned 21.17 acres of the Moulder land for the construction of Route 65 By-Pass. The taking left the Moulder property in two separated tracts, one of 36.05 acres on the east of the north-south highway and 142.78 acres on the west side.

At the jury trial, defendant Earl Moulder testified to damages of $116,311.10, made up of $52,500 for the 21.17 acres taken, a reduction in value of the remaining east tract of $45,000, of the west tract of $15,000 and $3,811.10 for fencing. Expert appraisal witnesses for defendants testified to damages of $92,210 and $93,500. Expert witnesses for plaintiff testified to damages of $33,000 and $52,910.

The issues on this appeal relate to Moulder's testimony that in arriving at the damage to his property he took into consideration that the construction of the highway project had resulted in an increased flow of drainage water across the 36.05-acre tract on the east side of the highway. Counsel for appellant objected to any testimony about the effect of the project on the drainage on the grounds that damage on that score was speculative because the project was incomplete and that the effect

of the project on the drainage could not properly be assessed until the construction had been completed. After extensive colloquy between counsel, the court concluded that the witness should be permitted to testify regarding the change in drainage, with the suggestion that the state could produce evidence that the completion of the project might affect the drainage pattern observed by Moulder.

Moulder was then permitted to testify that the construction to that time had resulted in the flow of water in the two natural drainage channels across the eastern tract in greater volume and over a wider area through each of the drainage paths. He then testified that he considered such increased drainage as one of several factors in concluding that the value of the east tract was reduced from $2,500 to $1,250 per acre. The witness acknowledged that he was unable to put a dollar figure on the extent to which each of the elements which he considered contributed to the reduced value.

Appellant, in its brief in this court, acknowledges that drainage damage may affect the market value of the remainder of a tract from which a portion has been severed in condemnation. See State v. McMurtrey, 300 S.W.2d 521, 527[8, 9] (Mo. 1957). The claim of error is based upon the noncompletion of the project at the time Moulder observed the increased drainage. The roadway had been graded and the pavement laid. The roadway at a ramp had not been paved and the seeding work had not been done.

A plat of the defendants' property, showing its contours, the proposed highway and drains to be constructed in connection with it, was in evidence. The project had proceeded to the extent that consideration of the plans, together with what had occurred (see State ex rel. State Highway Commission v. Ellis, 382 S.W.2d 225, 233 (Mo.App.1964)) could reasonably lead to the conclusion that the drainage then observed would probably be the pattern upon

ultimate completion of the project. The fact that Moulder was unable to place a dollar value on the effect of the drainage did not cause his testimony to be speculative. Cities Service Gas Co. v. Peak, 227 Mo.App. 515, 54 S.W.2d 482, 484[4–6] (1932).

The evidence was not of such remote and speculative nature as to require the trial court to exclude it. The drainage change was a "prospective use" factor "reasonably apparent at the time of appropriation and which a purchaser would normally consider in determining the value of the remaining property." State ex rel. State Highway Commission v. Vesper, 419 S.W.2d 469, 473 (Mo.App.1967).

An objection such as that here raised might lead the trial court to conclude that the inquiry such as that suggested by the court would enter the realm of collateral matters to such a degree that an exercise of discretion would result in the exclusion of testimony such as that under consideration. That problem did not develop in this case, inasmuch as the plaintiff did not see fit to pursue the line of inquiry suggested by the trial court.

The trial court's suggestion in this regard did not have the effect of shifting to the plaintiff the burden of showing no damages in this regard. The colloquy with respect to the burden of proof instruction given the jury (MAI No. 3.02 prior to amendment, with modification) shows merely that the trial court was aware of the deficiency in original MAI No. 3.02 and sought to supply that deficiency. See State ex rel. State Highway Commission v. Sams, 484 S.W.2d 276 (Mo.1972); MAI No. 3.02 (1973 Revision).

Inasmuch as plaintiff's objection in the trial court related solely to the admissibility of the testimony as affected by the stage of construction, no consideration will be given to the contention, based upon Skaggs v. City of Cape Girardeau, 472 S.W.2d 870 (Mo.App.1971), that Missouri's modification of the "common enemy" doctrine precludes a claim for damages by reason of the condition testified to by Moulder. Review in this court is limited to the grounds presented below. Dyer v. Globe-Democrat Publishing Co., 378 S.W.2d 570, 582 (Mo.1964).

Appellant also objects to the trial court's ruling admitting in evidence three photographs showing, according to appellant, " 'mud and dirt' accumulating in the natural drainage area running to the landowners pond and fields on his remaining property." The objection overruled by the trial court was that the photographs showed "drainage damages on a project that has not been completed." The court overruled the objection. The argument here is practically the same as that directed at the court's ruling on Moulder's oral testimony. The answer to that objection adequately answers the same argument as related to the photographs.

Appellant acknowledged that the claim of error based upon Moulder's testimony about consideration of "circuity of travel" as a factor in his damage testimony was not properly preserved in the trial court and no consideration of that assignment is called for.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.