MISSOURI PUBLIC SERVICE
COMPANY, Appellant,

v.

Kenneth C. JUERGENS and Judith A.
Juergens, Respondents.

No. 70536.

Supreme Court of Missouri,
En Banc.

Nov. 15, 1988.

Rehearing Denied Dec. 13, 1988.

Lowell L. Smithson, David V. Kenner, Kansas City, S. Preston Williams, North Kansas City, for appellant.

James W. Jeans, Sr., Kansas City, for respondents.

BILLINGS, Chief Justice.

Appellant Missouri Public Service Company condemned a tract of land in Platte County, Missouri, owned by respondents Kenneth and Judith Juergens. Trial resulted in a jury award of $25,000 in favor of respondents. The Missouri Court of Appeals, Western District, reversed and this Court granted transfer. The judgment of the trial court is affirmed.

Appellant condemned a 100–foot wide easement strip containing 6.88 acres across respondents' 151 acre farm, for the construction, operation and maintenance of a 161,000 volt power line. Appellant's evidence indicated damages of $6,000–$7,000. Respondents' evidence showed depreciation to the fair market value of the property of $39,000.

■ Initially, the Court notes appellant failed to preserve asserted errors for appellate review. A number of appellant's objections were not presented to or ruled by the trial court and they have not been preserved for review on appeal. Rule 84.-13(a); *F.D.I.C. v. Crimson*, 513 S.W.2d 305 (Mo.1974); *Straughan v. Murphy*, 484 S.W.2d 465 (Mo.1972). Other allegations of error involve objections which were made at trial, but which appellant now bases on different grounds. "An appellant is not permitted to broaden the scope of his objection on appeal beyond that made in the trial court." *State Highway Commission v. Delisle*, 425 S.W.2d 938, 941 (Mo.1968) (quoting from *Dyer v. Globe–Democrat Publishing Co.*, 378 S.W.2d 570, 578 (Mo. 1964)). Consequently, the Court declines to review claimed errors which fall in the foregoing categories.

■ Appellant contends the trial court erred in sustaining an objection to appellant's closing argument where appellant attempted to argue that one of respondents' valuation witnesses had been improperly and erroneously coached. The evidence at trial showed that the witness had in fact been given an incorrect figure as to the original purchase price by respondents' attorney. However, the figure given was several thousand dollars less than the actual purchase price. It is difficult to find any inference of "improper coaching" when counsel makes a mistake which favors the adverse party. In any event, *after* the objection was sustained, appellant continued to point out the discrepancy in the purchase price and the inadequacy of the witness's preparation. When appellant's argument is uninhibited by a sustained objection, the trial court's ruling is not prejudicial error. *Galovich v. Hertz Corporation*, 513 S.W.2d 325 (Mo.1974).

■ Appellant contends respondents offered improper evidence of damages. It is a well recognized rule of law that damages may be recovered in a condemnation case, not only for the land actually taken, but also for the decrease in market value to the entire fee as a result of the taking of the easement. *Owen v. City of Springfield*, 741 S.W.2d 16, 19 (Mo. banc 1987); *Kamo Electric Cooperative v. Baker*, 365 Mo. 814, 287 S.W.2d 858, 861 (1956); *Chicago S.F. & C. Ry. Co. v. McGrew*, 104 Mo. 282, 15 S.W. 931 (1891).

■ Appellant argues that the trial court erred in not declaring a mistrial when respondents offered evidence of depreciation of market value due to the risks of harm from a 161,000 volt power line on the property. It is presumed that the power line will be operated in accordance with all applicable laws. *Baker*, 287 S.W.2d at 862; *McGrew*, 15 S.W. at 933–34; *Missouri Power & Light Co. v. Creed*, 32 S.W.2d 783, 787 (Mo.App.1930). It is also true that *actual* damages may not be recovered for events which might happen sometime in the future. *Baker*, 287 S.W.2d at 862; *Texas–Empire Pipe Line Co. v. Stewart*, 331 Mo. 525, 55 S.W.2d 283, 285 (banc 1932); *McGrew*, 15 S.W. at 933–34; *Creed*, 32 S.W.2d at 787. However, it has also been the rule in Missouri for more than 95 years that the *depreciation in market value* due

to a risk of harm is recoverable in a condemnation hearing. *Baker*, 287 S.W.2d at 862; *Stewart*, 55 S.W.2d at 285; *McGrew*, 15 S.W. at 933–934; *State ex rel. Missouri Highway and Transportation Commission v. Mosley*, 697 S.W.2d 247, 248 (Mo. App.1985); *Creed*, 32 S.W.2d at 787; *Kansas City, Nevada & Ft. Smith Railroad Co. v. Dawley*, 50 Mo.App. 480, 484 (1892).

■ Typically, the sole method for valuing the property will be in the form of opinion testimony. It is then for the jury to determine what weight should be accorded the opinion testimony. *Baker*, 287 S.W. 2d at 863; *Stewart*, 55 S.W.2d at 285; *McGrew*, 15 S.W. at 933–34; *Creed*, 32 S.W.2d at 787; *Dawley*, 50 Mo.App. at 484. The weight to be given evidence which is remote or speculative is a task for the jury with proper instructions. *State ex rel. State Highway Commission v. Crain*, 496 S.W.2d 867, 869 (Mo.App.1973).

In *McGrew*, the court held that evidence of increased danger from fire, risk of harm to employees and damage to property were compensable elements of damages due to the depreciating effect the danger had on the tract of land. This evidence was also competent to show the landowner's increased cost of doing business because the easement rendered the land unsafe for some activities. The court noted that it "would not be proper to estimate the possible damage from fires or injuries to person. Neither may ever occur, and to take them into the estimate would be mere speculation." However, such evidence may be considered insofar as it depreciates the property. *Id.* In *Cape Girardeau & C.R. Co., v. Bleechle*, 234 Mo. 471, 137 S.W. 974 (1911), the court stated,

"[t]his court has pointed out in several cases the distinction to be observed with regard to risk of danger from fire of injury to persons and animals. The jury cannot allow damages for occurrences which may never happen. It is to be presumed that the railroad will operate according to law, and the law makes provision for recovery against a railroad for damages caused by fire, killing stock, etc. At the same time, where there is

evidence of peculiar danger to defendant's property by reason of such risks, it is proper for the jury to take into consideration such risks as affecting the present value of the land.

137 S.W. at 977.

In *Creed*, the court held that the evidence of danger of harm to livestock stampeding resulting from fear of strangers was supported by competent opinion testimony and was therefore admissible to show that the market value of the fee had depreciated because of the presence of the easement.

*Stewart* was decided in 1932, just two years after *Creed*, and the Court noted at the outset, that the case was heard because of a perceived conflict in the courts of appeals. The court held that testimony on the decrease in market value due to the risk of future breaks in a pipeline, possibility of trespass, and possibility of injury to stock were proper subjects for testimony and the fact that the testimony was in part based on remote or merely possible events went to the *weight* that the jury would accord to the testimony and not to it's admissibility.

In *Phillips Pipe Line Co. v. Ashley*, 605 S.W.2d 514, 518 (Mo.App.1980), the court stated that "it is the fear caused by the risk which actually depreciates the value of the remaining tract, rather than the risk itself, … [this] permits the fear caused by the risk to be considered as an element of damages."

■ Here, respondents offered evidence that irrigation was not suitable for some portions of the land because the length of the metal irrigation pipes presented a risk of contact with the electric wires. Similarly, respondents offered evidence that the land had depreciated in value as a residential land due to a risk of harm to children flying kites or climbing poles. This is competent evidence of depreciation in market value due to the properties unsuitability for these activities with the power line on the property. It is then for the jury to decide what weight they will give the opinion testimony.

JUDGMENT AFFIRMED.

BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., and PREWITT, Special Judge, concur.

DONNELLY, J., not sitting.