**STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Respondent,**

v.

**BESEDA, et al., Exceptions of Morton D. and Claire Hyman, Defendants/Appellants.**

No. 65505.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 27, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 25, 1995.

Application to Transfer Denied
March 21, 1995.

Alan G. Kimbrell, St. Louis, for appellants.

Paul R. Sterrett, Kim Reid, Mo. Highway & Transp. Com'n, Chesterfield, for respondent.

CRANE, Presiding Judge.

Morton D. and Claire Hyman (Owners) own a parcel of land on Lemay Ferry Road which is improved with a building and paved parking lot and leased to Easton Tire Company for a retail tire and battery business. On February 5, 1990 the Missouri Highway and Transportation Commission filed a condemnation petition for a temporary construction easement of 1,743 square feet across the front of owners' property. The court appointed Commissioners who awarded owners $8,000. On May 11, 1990 the Commission filed exceptions thereto. On May 31, 1990 the Commission paid $8,000 into court. After a trial on the exceptions, the jury awarded owners $5,000 in damages. Owners appeal, asserting the trial court erroneously excluded evidence. We reverse on the ground that the trial court erred in excluding owners' evidence relating to loss of a twenty-foot-wide paved entrance during the period of taking.

At trial owners sought to introduce, by way of offer of proof, evidence of damages during the construction period. The evidence included photographs showing construction vehicles blocking the temporary access and parking spaces and owner Morton Hyman's testimony about this blockage and about the narrow dirt entrance road which replaced a wide paved entrance during the construction period. The trial court sustained the Commission's objection.

Owners appeal. They assert that the trial court erred in excluding the evidence of the loss of their twenty-foot-wide paved entrance and the access blockage by construction vehicles. We reverse on the grounds that the trial court abused its discretion in excluding evidence of damage resulting from the temporary loss of the twenty-foot-wide paved entrance.

Damages for a temporary partial taking are "the reasonable rental value of the land temporarily acquired for the time which plaintiff proposed to use it absolutely ... and (besides) the damages which the jury might find from the evidence will result to [the] remaining land because of such temporary use." *City of Cape Girardeau v. Hunze,* 314 Mo. 438, 284 S.W. 471, 480 (1926). *See also State ex. rel. Mo. Hwy. Comm'n v. McNary,* 664 S.W.2d 589, 593 (Mo.App.1984); 4 JULIUS L. SACKMAN, NICHOLS ON EMINENT DOMAIN § 12E.01, at 12E–6 to 12E–7 (1989). At issue in this appeal are damages suffered by the remaining land because of the use of the temporarily acquired land. These are damages caused by the use of the property for the purposes for which condemnation is made, which use includes "the construction of the work or improvement and the maintenance, use and operation of the same." *State ex rel. Mo. Hwy. Comm'n v. Behle,* 863 S.W.2d 898, 900 (Mo.App.1993) (quoting *KAMO Elec. Coop., Inc. v. Baker,* 365 Mo. 814, 287 S.W.2d 858, 861–62 (1956)). "It is proper for the jury to consider factors resulting from the appropriation that would be reasonably apparent and material to a hypothetical willing purchaser of the land at the time of the taking." *Id.*

To prove damages which "will" result to the remaining land from the temporary use, the owner must show a direct evi-

dentiary nexus between construction damages and "the extent of the burden cast upon the land *at the time of the appropriation,* provided that the acts were not tortious and the damage could have been reasonably anticipated." *Id.* (quoting *KAMO Elec. Coop., Inc.* 287 S.W.2d at 862). Thus, an owner must lay a foundation that, as of the date of appropriation, the claimed damages were not tortiously inflicted and were foreseeable. *McNary,* 664 S.W.2d at 593. Construction damages are reasonably foreseeable when they are inherent, inevitable, automatic or certain. *Behle,* 863 S.W.2d at 900.

At trial owners made an offer of proof of photographs of vehicles on their easement which blocked the driveway entrance and parking. They continued their offer of proof as follows:

Mr. [Hyman] would testify consistent with these photographs—

\* \* \* \* \* \*

Mr. Hyman ... would testify that prior to the taking, he had a paved entrance to the property, to the parking lot. And it was approximately twenty feet wide, and which allowed any two vehicles to go in and out at the same time. What he wound up with during the construction was a temporary easement, which was made of dirt, which was rutted and bumpy, and which was, I believe he will say, less than fifteen feet wide, and which did not give sufficient amount of leeway for large trucks to make turns, that would hinder entrance to his property.

He would also testify that on an almost daily basis, State Highway trucks parked across the temporary easement, blocking access as construction and State Highway personnel both stood in the temporary easement and blocked and discouraged traffic. And we are not contending this was done for the purpose of it. But as part of their jobs, this is, in fact, what was going on.

He will testify that at least 25 percent of his parking area was taken on average during this three-month period, and that because of both the temporary driveway and because of the blockage of that driveway by construction vehicles, the access to

his property was severely limited for approximately three months.

This offer does not provide a foundation to admit evidence of vehicles blocking the driveway or parking spaces or trespassing. These damages were tortiously inflicted and not foreseeable. *See Citizens Elec. Corp. v. Amberger,* 591 S.W.2d 736, 740 (Mo.App.1979).

■ However, this offer does provide a sufficient foundation to admit evidence of the change to the parking lot entrance and damages to the remaining property as a result thereof. The substitution of a twenty-foot-wide paved entrance with a fifteen-foot-wide dirt entrance would reasonably cause foreseeable consequences to the remaining property as of the date of taking and was not tortious. Evidence of the condition of the road and the difficulty of ingress and egress are relevant to the issue of damages to the unburdened property. A willing purchaser at the time of taking would find these factors apparent and reasonably material to a purchasing decision. The trial court abused its discretion in excluding this evidence.

■ The Commission argues that the "after" value condition of the subject property was the same as before the taking because the driveway was eventually replaced with a new paved driveway. However, the *after* value in a temporary takings case is not the time when the property is returned to the owner, but that time when the condemning party pays money into court. *Hunze,* 284 S.W. at 478; *Amberger,* 591 S.W.2d at 739.

Alternatively, the Commission argues that the exclusion of the evidence was harmless error because owner Morton Hyman "was allowed to describe the construction to the jury verbally." The Commission refers to the following exchange at trial:

Q. Mortie, as the owner of that property, do you have an opinion as to what you would have charged someone who wanted to come in and lease that property from you for approximately one year, and during that period, to tear up your driveway, replace it with a temporary one with dirt, and have construction equipment on the area of the easement during that time?

A. Yes.

Q. What is that opinion?

A. About $14,000.00.

We disagree that the answers to these questions provided the evidence as proffered in the offer of proof.

Reversed and remanded.

CRANDALL and DOWD, JJ., concur.